## HAMILTON v. McDONALD et als.

UNDER our statute of April, 1850, the holder of a nonnegotiable note has a right of action not only against his immediate assignor, but also against previous assignors—in short, against every person from whom the note has passed by assignment.

Suit brought in Justice's Court for Township No. 5. Service on defendant in Township No. 3 by Constable of Township No. 3. Defendant appears, and before filing answer, moves to dismiss the action, on the grounds : 1st, that the Court has no jurisdiction of the person of defendant ; 2d, that the return of the officer is insufficient to give jurisdiction : *Held*, that the motion was properly denied ; that defendant could not thus defeat the whole case *in limine* upon the insufficiencies of the record, though the action might be thus dismissed if the facts were shown to be such that the record could not be amended.

A note, with the proper endorsements thereon, filed with a Justice of the Peace, is a sufficient complaint.

APPEAL from the County Court of Placer.

Plaintiff began suit in a Justice's Court at Forest Hill, Township No. 5, Placer county, by filing as his complaint the following note, to wit :

" $150.00.                    FOREST HILL, Jan. 10th, 1857.

For value received; I promise to pay to James McDonald the sum of one hundred and fifty dollars sixty days after the date of this note, at three per cent. per month or until paid.

(Signed.)                    JOHN RENNER."

Endorsed,                " FOREST HILL, April 17th, 1858.

" For value received, I hereby transfer the within note to J. C. Bower.                    JAMES McDONALD."

Also, " Pay to Jo. Hamilton or order.

J. C. BOWER."

The summons issued was returned as served on McDonald and Bower in Auburn, Placer county, by the Constable of Township No. 3.  McDonald alone appeared, and moved to dismiss the action, on the grounds: 1st, that the Court had no jurisdiction of his person; 2d, that the return of the Constable was insufficient to give the Court jurisdiction.  Motion overruled; defendant excepting; and then demurring on the ground that the complaint did not state facts sufficient to constitute a cause of action, and for misjoinder of parties overruled, and answer filed denying each allegation except the signature of defendant.  Judgment for plaintiff.  Defendant appealed to the County Court, and there renewed his motion to dismiss.  Overruled; defendant excepting.  On the trial, plaintiff introduced evidence tending to show that McDonald formerly lived at Forest Hill, and never had any fixed residence at any other place in Placer county, having left for Fraser river a few days after assigning the note to Bower, though he had since been about the county.  Defendant introduced no evidence.  Judgment for plaintiff.  Defendant appeals.

*Tuttle & Hillyer*, for Appellant, cited, as to the question of jurisdiction, Wood's Dig. 92, sec. 2; to the point that McDonald was liable only to his immediate endorsee, Bower, there being no special language in the assignment making liable to subsequent endorsees. (Story on Prom. Notes, sec. 128; *Bircleback* v. *Wilkins*, 10 Harris, 26.)

*Thos. H. Williams*, for Respondent.

COPE, J. delivered the opinion of the Court—FIELD, C. J. concurring.

This is an action upon a nonnegotiable promissory note.  The note was assigned by McDonald, the payee, to one Bower, who assigned it to the plaintiff.  The action is against the maker, and McDonald and Bower, assignors.  McDonald was the only party served with process, and the defense is by him alone.

It is contended that as against McDonald the action cannot be maintained for want of privity.  The answer to this objection is to be found in the provisions of the statute regulating the rights and

liabilities of the parties. The fourth section of the Act of April, 1850, relative to bonds, due bills, etc., makes every assignor of a nonnegotiable note liable upon his assignment to the assignee of such note, and it is evident from the language used that it was not the intention to limit this liability to his immediate assignee. The rule at common law was, that as between the assignor and his imme- diate assignee, the assignment created the same liabilities and obli- gations on the part of the assignor as the indorsement of a negotiable note created on the part of the indorser. But in respect to subse- quent holders, no privity or connection existed between them and the assignor, unless expressly created by the assignment, and where this was not done the immediate assignee was the only person who could maintain an action in his own name against the assignor. The statute places the subsequent holder upon the same footing with the original assignee, and gives him a right of action against every per- son from whom the instrument has passed by assignment.

The other questions in the case are unimportant. The case of *Lowe* v. *Alexander* (15 Cal. 296) does not sustain the position of the appellant upon the question of jurisdiction. The objection is based upon a motion made previous to the filing of the answer to dismiss the action, but this motion, we think, was properly denied. The ground of the motion was that it did not appear from the record that the justice had acquired jurisdiction of the person of the defendant, but it would have been improper to set aside the whole proceedings upon that ground. If the facts were such that the record could not have been amended, a showing to that effect would have entitled the defendant to a dismissal, but it is obvious that he could not come forward and defeat the whole case *in limine* upon the insufficiencies of the record.

We cannot perceive in the objections which are urged to the com- plaint any cause for reversal. The note with the indorsements thereon constituted a sufficient foundation for the commencement of the suit, and the pleadings in the case were oral. We cannot interfere without violating the principle upon which we have always acted in such cases.

Judgment affirmed.