## MALSON *v.* VAUGHN *et al.*

UNDER the Constitution before the amendments which went into effect January 1st, 1864, an appeal could be taken to the Supreme Court from a judgment of the County Court, when the judgment appealed from, including principal and interest exceeded two hundred dollars.

In an action in a Justice's Court upon a money demand, the defendant cannot set up in his answer,·as a counter claim or set-off, a demand, amounting, exclusive of interest, to more than two hundred dollars.

A Justice of the Peace has no jurisdiction to pass upon a counter claim or set-off unless it be for such a sum as the defendant might have maintained an action on against the plaintiff, in a Justice's Court.

APPEAL from the County Court of Butte County.

The note sued on was dated March 28th, 1857 ; due thirty days after date ; bearing interest at three per cent. per month, and was payable to Vaughn or order.   May 22d, 1860, Vaughn indorsed it to the plaintiff.   May 28th, 1860, the suit was commenced.   Bristol answered pleading as a set-off the five hundred and ninety-three dollars and forty cents referred to in the opinion of the Court. This set-off was for money received by Vaughn for the use of Bristol after the execution of the note and before Vaughn indorsed it to Malson. ·The County Court allowed the set-off, and rendered judgment in favor of defendant Bristol.   From this judgment Malson, the plaintiff, appealed.

*Jos. G. N. Lewis*, for Appellant.

The Court exceeded its jurisdiction in entertaining the defendant Bristol's plea of counter claim or set-off.   Bristol could not have

brought an action against plaintiff in a Justice's Court on the counter claim. (Pr. Act, Sec. 574.)

*H. O. Beatty*, for Respondent.

The Court has no jurisdiction of the appeal. The principal of the note is only one hundred and forty-five dollars and sixty-four cents, but the interest swells the amount due to more than two hundred dollars. The old Constitution, Art. 6, Sec. 4, provides : " The Supreme Court shall have appellate jurisdiction in all cases where the matter in dispute exceeds two hundred dollars." What is the matter in dispute ? The one hundred and forty-five dollars and sixty-four cents, or the one hundred and forty-five dollars and sixty-four cents with interest added. (*Dumphy & Hildrith* v. *Guindon*, 13 Cal. 30 ; *Simmons* v. *Brainard*, 14 Id. 278.)

No affirmative relief was asked for by defendant Bristol for any portion of the set-off, but merely a defense made against the claim of plaintiff.

CROCKER, J. delivered the opinion of the Court—COPE, C. J. concurring.

This is an action brought upon a promissory note against Bristol, as maker, and Vaughn, as indorser, before a Justice of the Peace. The defendant Bristol plead in defense a set-off against Vaughn, the payee of the note, amounting to five hundred dollars. The plaintiff recovered judgment before the Justice of the Peace, from which the defendants appealed to the County Court, where the Court found for the defendants and rendered a judgment dismissing the suit, from which the plaintiff appeals.

The note sued on was for the sum of one hundred and forty-five dollars and sixty-four cents, but the amount due thereon at the date of the judgment, including interest, greatly exceeded two hundred dollars. The respondent objects that this Court has no jurisdiction of the appeal, and contends that the interest due on the note cannot be added to the principal in estimating the " matter in dispute." In this he is mistaken. The interest should properly be included in the estimate.

The set-off or counter claim set up by the defendant Bristol, in

his answer, amounted to the sum of five hundred and ninety-three dollars and forty cents, and it is insisted that the amount being beyond the jurisdiction of the Justice of the Peace, the objection of the plaintiff to the filing of the answer on that ground should have been sustained by the Justice, and by the County Court when it was renewed.    Sec. 574 of the Practice Act provides that in proceedings before Justices of the Peace " the answer may contain a denial of any of the material facts stated in the complaint, which the defendant believes to be untrue, and also a statement, in a plain and direct manner, of any other facts constituting a defense or counter claim, upon which an action may be brought by the defendant against the plaintiff in a Justice's Court."    It is clear that the defendant could not have brought an action against the plaintiff in a Justice's Court, upon the demand set forth in his answer by way of counter claim, and the Justice and County Court therefore erred in not sustaining the objection of the plaintiff.    (*Lamonn* v. *Caryl*, 4 Denio, 370.)

The judgment is therefore reversed and the cause remanded.

See *Hamilton* v. *McDonald* (18 Cal. 128).—REPORTER.