48  184
110  607

ALFRED S. CROSS AND HENRY E. BEGUELIN v. ELON G. EATON.

*Set-off in justice's court—Jurisdiction on appeal.*

The jurisdiction of the circuit court upon an appeal from a justice, is merely appellate and will not admit of enlarging the claim of either party, as that would be to make the jurisdiction original to the extent of the excess.

Comp. L. § 5322 provides that where a defendant in justice's court has a set-off exceeding $300, defendant shall have judgment for costs and enough shall be applied on plaintiff's claim to satisfy it, or a judgment of discontinuance shall be entered. *Held*, that an appellate court can render no other judgment than the justice could have given.

Error to Kent. Submitted April 12. Decided April 19.

ASSUMPSIT. Plaintiff brings error. Reversed.

*John T. Miller* and *Taggart & Wolcott* for appellants. Judgment on appeal is limited by the jurisdiction of the lower court: *Evers v. Sager* 28 Mich. 47; *Matter of Jerry Irvin* 29 Mich. 43; *Nelson v. People* 38 Mich. 619; *Brown v. People* 39 Mich. 57; *Louisville & New Albany R. R. v. Breckenridge* 64 Ind. 113.

*J. C. FitzGerald* and *Allen C. Adsit* for appellee.

MARSTON, J. Where a case has been tried in justice's court, and an appeal taken to the circuit, the jurisdiction of the latter is appellate. To enlarge the claim of the plaintiff or that of the defendant in the circuit court, would to that extent be original and not appellate jurisdiction.

The statute in relation to set-off in justice's court provides that if the balance found due to the defendant exceed three hundred dollars, the justice shall set off so much of the defendant's demand against the plaintiff's debt as shall be sufficient to satisfy it, if requested to do so by the defendant, and shall render judgment for the defendant for his

costs; but if the defendant shall not require such set-off, the justice shall render judgment of discontinuance against the plaintiff with costs to the defendants. § 5322.

In this case the balance found due the defendant did exceed three hundred dollars, and had the case been in justic's court, one of two judgments must have been rendered, viz.: a judgment for the defendant for his costs, or a judgment of discontinuance against the plaintiff, with costs to defendant. On appeal no other or different form of judgment could be rendered on the main controversy, and the attempt of the circuit court to render judgment in favor of the defendant in this case for $500 was without authority. Nor can this court render any different judgment upon the finding, than the justice could have done. We cannot therefore render judgment in this court for $300 as requested.

The judgment must therefore be reversed with costs of this court.

The other Justices concurred.