*H. C. Dillon*, for appellant.

*Ellsworth & Vannata*, for appellee.

---

## McKEONE *v.* THE PEOPLE.

*(Supreme Court of Colorado, December Term, 1882—Appeal from the District Court of Lake County).*

1. EVIDENCE—GENERAL REPUTATION—OTHER QUARRELS. In case of indictment for assault with intent to murder, the defense being an *alibi*, the assailant will not be allowed to show quarrels and difficulties between the person assailed and third persons, in no way connected with the transaction; nor to introduce evidence as to his general reputation with reference to his fighting, quarreling or dangerous disposition. Such evidence is only admissible in claim of self-defense.

2. SAME—CROSS-EXAMINATION OF DEFENDANT. When the defendant in a criminal trial goes upon the stand as a witness, he may be cross-examined as other witnesses. And may be questioned as to collateral facts, for the purpose of impairing his credit as a witness. But evidence brought out by such cross-examination cannot be contradicted.

HELM, J. The defense in this case undertake to establish an *alibi*. No effort is made by defendant to show justification, or to explain the circumstances surrounding the transaction. The only testimony as to the assault is that of the prosecuting

witness, O'Neal, and he is uncontradicted save as to the question of identity. This testimony establishes an unprovoked, premeditated and inhuman attempt to assassinate him.

O'Neal is the first witness; at the time of his cross-examination no controversy or uncertainty appeared in the case, even as to defendant's identity with the assailant. Yet, on this cross-examination, an effort was made to draw from him testimony as to the number of his employees at the time of the attempt upon his life, and his quarrels and difficulties with them. We think this evidence was properly rejected; if it ever became material, certainly, at that stage of the trial it was not. When a deliberate and malicious attempt is made to take the life of a human being, and there is no pretence of justification on the ground of self-defense, it would be a dangerous and unreasonable doctrine that would allow the assailant to show quarrels or difficulties of his victim with third persons in no way connected with the transaction.

And it would be equally unreasonable, in a case like this, to allow evidence as to the general reputation or character of the person assailed with reference to his fighting, quarrelsome or dangerous disposition. Such evidence is admissible only when it is claimed that defendant took life, or made the attempt to do so, under a reasonable apprehension that he was in imminent danger of receiving, at the hands of his adversary, death or great bodily harm, and that it was necessary to fire the shot or strike the blow to avert the danger. The evidence of Miller and Richardson, at a subsequent period in the trial, bearing upon the character of O'Neal in these respects, was properly excluded.

The defendant was sworn as a witness, and testified in his own behalf. Having elected to do this, under our statute (Session Laws 1881, p. 114,) he occupied precisely the same position as any other witness: he could be cross-examined, contradictory evidence could be offered in rebuttal, and he could be impeached, or his credibility could be attacked in any of the methods recognized by the rules of evidence as applicable to the testimony of ordinary witnesses. On cross-examination he was interrogated concerning a certain affidavit previously made by him, and this affidavit was admitted as a part of his

cross-examination. The matters therein contained had no connection with, or relevancy to the issues before the jury. The sole object of introducing it, and the evidence drawn from the witness in connection with it, was to cast discredit upon his other testimony; to impeach his credit as a witness.

The rule which confines the testimony to the point in issue, and excludes all evidence of collateral facts, or those which afford no reasonable inferences as to the principal matter in dispute, is somewhat relaxed upon the cross-examination. A cross-examiner is allowed, subject to the discretion of the Court, to inquire about collateral matters for the purpose of impairing the credit of the witness. *Stokes* v. *People*, 53 N. Y., 176; *Lawrence* v. *Barker*, 5 Wend., 301; 1 Greenleaf on Ev., (13 Ed.) Secs. 448-9, and notes; 1 Starkie on Ev., 134.

But the cross-examiner, when he avails himself of this privilege, assumes a dangerous risk; for the answer of the witness is conclusive; it cannot be contradicted by other evidence.

"It is a well settled rule, that a witness cannot be cross-examined as to any fact which is collateral and irrelevant to the issue, merely for the purpose of contradicting him by other evidence, if he should deny it." *Stokes* v. *People, supra;* 1 Greenleaf, Sec. 449, *supra,* cases cited in notes 6 and 7.

The reasons for this restriction are the same as those for confining the evidence to the point in issue, viz: to avoid distracting the minds of the jury from the true merits of the controversy; to abbreviate judicial investigations, and lessen the expenses thereof; and to prevent attacks upon the character of a witness which he could not be prepared to repel.

But the Court in this case kept clearly within the rule; for he rejected the evidence of the notary public offered to contradict defendant's statement that he did not hold up his hand, and, therefore, did not swear to the matters contained in the affidavit.

Error is assigned upon the Court's refusal to submit the following instruction to the jury:

"The jury are instructed, that the affidavit of defendant offered in evidence on the part of the people, is extra judicial, and not an instrument required by law to be sworn to, and, therefore, it is to be received as any other statement which the

defendant might have made. The defendant could not be convicted of perjury in swearing falsely to the same."

The affidavit referred to was a collateral matter; it had no connection whatever with the merits of the cause, but was admitted solely for the purpose hereinbefore stated; no attempt was made, except in examining defendant himself, to prove either the truth or falsity of the statements therein contained; the Court did not even admit testimony to contradict defendant's declaration that he did not swear to it. There was no evidence from which the jury could have drawn the inference that defendant was guilty of perjury, as counsel claims in his argument, even if falsely swearing to such an instrument would constitute the crime. The Court correctly refused the instruction.

The judgment will be affirmed. *Affirmed.*

*Louis Branson*, for plaintiff in error.
*Attorney General*, for defendant in error.