## BASSETT v. INMAN.

1. There is no prescribed form for making a claim of exemption of property from levy under attachment.

2. A traverse of the affidavit in attachment does not waive the right to claim the property attached as exempt.

3. Upon appeal from a judgment of a justice of the peace the cause stands in the county court for trial *de novo*.

4. Where the plaintiff failed to present in the court below the fact that a part of the debt in suit was the purchase price for the property attached, as against the statutory exemption claimed, he cannot raise it for the first time in this court.

5. The assignee of a note and account sued upon must be deemed "the real party in interest," under the code, even though the consideration of the assignment may have been a payment to the assignor after recovery in the suit by the assignee.

6. Where it is apparent that the party complaining is not prejudiced by an improper instruction given to the jury, the verdict will not be set aside.

*Error to County Court of Saguache County.*

BASSETT, the plaintiff in error, commenced his action in attachment, against the defendant in error, before a justice of the peace of Saguache county, upon a promissory note alleged to have been executed and delivered by defendant in error to one Roney, and by the latter assigned to plaintiff in error; also, upon an account due from defendant in error to one Fry, and assigned to plaintiff in error. The defendant filed a traverse of the affidavit in attachment, and also on the same day an affidavit claiming the property attached as exempt from

levy. The attachment was dissolved and the cause dismissed by the justice, and the plaintiff in error appealed to the county court. Upon trial had in the county court, the attachment was dissolved on motion of the defendant in error, but the plaintiff had judgment on the verdict of a jury, for the sum of $129.11, and thereupon the plaintiff sued out this writ.

Mr. E. F. ALLEN and Mr. GEORGE P. UHL, for plaintiff in error.

Mr. CLARENCE P. LOTT, for defendant in error.

STONE, J. The principal ground of reversal relied upon by the plaintiff in error is the dissolving of the attachment sued out by the plaintiff below, who is the plaintiff in error here. The objection to the action of the court in dissolving the attachment is based upon the following reasons, to wit:

"*First.* That the affidavit claiming exemption is insufficient."

"*Second.* Because there was no notice given to the plaintiff of the filing of the affidavit claiming exemption."

"*Third.* Because the claim of exemption, if any ever existed, was waived."

"*Fourth.* Because the court had no jurisdiction of this matter, the same not having come up on appeal, and that, therefore, the court erred in dissolving the attachment."

These alleged reasons are insufficient to support the objection urged. There is no prescribed form for making such claim of exemption, and it might have been made orally in the justice's court. It was made in the form of an affidavit by the defendant in the attachment, describing the property as the span of mules and harness taken under the attachment writ, and claiming them as exempt under the statute. No notice of the filing of this affida-

vit was necessary, any more than in making any other defense which the defendant was entitled to make to the action. The notice referred to in § 12 of the attachment act of 1879 applies to cases of claimants of the property other than the defendant in the suit, usually called intervenors. The proceedings mentioned in § 13 of said act refer to the mode and manner of trying the question of the right of exemption claimed, when an issue is made thereon.

The ground of the alleged waiver of the exemption is that the defendant first traversed the attachment upon other grounds, and afterwards filed his affidavit, claiming the exemption as a separate ground for dissolving the writ. This was no waiver of the right of defendant to claim the property as exempt under the statute.

The jurisdictional objection is without force. Upon appeal in the county court the case stood just as it existed in the justice's court, and the trial in the county court was *de novo*, where the defendant's claim of exemption was to be passed on the same as any other matter of defense made in the case.

It is said by counsel for plaintiff, in argument, that the testimony in the record shows that one of the items sued for was a balance due for the purchase price of the mules attached in the suit, and hence, that, had the court allowed a proper issue to be made upon the claim of exemption, the plaintiff would have succeeded in resisting said claim.

It is questionable if this point is properly raised under any of the assignments of error; but, even if it is, we think it unavailing to plaintiff here, for the reason that he failed to make this point in the court below. The only grounds upon which the plaintiff resisted the claim of exemption in the court below, when the motion to dissolve the attachment upon the ground of the exemption was before the court, were the four specific grounds which we have hereinbefore set out and discussed, and

the plaintiff, having failed to present in the court below the fact that a part of the debt in suit was the purchase price, or a portion thereof, for the property attached, as against the *statutory* exemption claimed, must be held to have waived this ground of objection to the motion, and cannot raise it for the first time in this court.

The plaintiff, as assignee of the note and account sued upon, was "the real party in interest," within the meaning of the Code of Civil Procedure, even though the consideration of the assignment may have been a payment to the assignor after recovery in the suit by the assignee. *Cummins v. Morris*, 25 N. Y. 625; *Meeker v. Cleghorn*, 44 N. Y. 349; *Caulfield v. Saunders*, 17 Cal. 569. The jury were properly instructed upon this point by the instructions given on behalf of plaintiff.

The third instruction given on behalf of defendant, the giving of which is made a ground of error in the assignments, was inconsistent with that given upon the same point on behalf of plaintiff, and was also inconsistent with the facts to which it was intended to apply, and therefore objectionable; but that the plaintiff was not prejudiced thereby is evident from the verdict rendered in his favor, in accordance with the instructions given on his behalf.

This is none the less evident from the fact that the verdict was for a less amount than that sued for, since a large item in the account for the potatoes delivered to defendant was in dispute, and the testimony relating thereto directly contradictory; and as the jury were the judges of the credibility of the witnesses and the weight to be given to their testimony, we cannot say that the verdict was unwarranted, and the judgment of the court below will be affirmed.

*Affirmed.*