Whitesides v. Kershaw & Driggs.

WHITESIDES v. KERSHAW & DRIGGS.

1. JURISDICTION: *Of Circuit Court on appeal from justice of peace.*
   On appeal from a justice of the peace's court, the jurisdiction of the Circuit Court is derived from and dependent upon the appeal. It cannot put its original jurisdiction into exercise by superadding to the controversy a cause of action, or an issue that the justice of the peace could not entertain, and can render no judgment that the justice could not render.

2. SAME: *Equitable, of justice of the peace.*
   A justice of the peace may apply equitable doctrines to the solution of questions in cases properly coming within his jurisdiction, but he cannot administer the flexible remedies of equiiy.

APPEAL from *Nevada* Circuit Court in Chancery.
Hon. C. E. MITCHEL, Circuit Judge.

*B. B. Battle* and *Montgomery & Hamby* for appellant.

Admitting for the sake of argument that Driggs had a lien on the note, the justice of the peace could not enforce it. He had no jurisdiction to do so, and in refusing to

make Driggs a party he did right. The enforcement of such a lien belongs exclusively to courts of equity. *Const. 1874, art. 7, secs. 15, 40.*

The justice having no jurisdiction, the Circuit Court could acquire none on appeal. *6 Ark., 41; Ib., 182, 371; 10 Ib., 265; 24 Ib., 177; 27 Ib., 508; Gantt's Dig., 3837.*

*W. V. Tompkins* for appellee, Driggs.

The law presumes that superior courts of record have jurisdiction unless the contrary is shown. (*Newm. Pl. and Pr., 15, 49.*) No evidence was introduced to show that the court had none. The Circuit Court will not be presumed to take cognizance of matters not within its jurisdiction. (*26 Ark., 52.*) By section 3791 the justice is inhibited from issuing execution on judgments after filing transcript in the clerk's office. It was the manifest intention of the Legislature to transfer all jurisdiction for enforcing same, by garnishment as well as by execution, to the Circuit Court. Driggs was properly allowed to interplead, and the decree is correct.

COCKRILL, C. J. The appellant sued Mrs. Kershaw on a promissory note before a justice of the peace. The defendant, without making answer, filed an affidavit stating that Driggs, the appellee, claimed an interest in the matter in controversy, and asked that he be made a party. This the justice declined to do, and rendered judgment against the defendant. She appealed to the Circuit Court, and there renewed her motion to bring Driggs into the controversy. The prayer of her motion was granted. The defendant paid the amount due on the note into court and left Mrs. Whiteside, the plaintiff, and Driggs to settle the right to appropriate it. Driggs filed an interplea setting forth this state of facts, viz: He had

recovered a judgment against the plaintiff's husband. At some time prior to the present suit the husband, being insolvent, bought a piece of land, paid for it and had it conveyed to the plaintiff, his wife, to hinder and delay his creditors. Subsequently he sold the land to Mrs. Kershaw, the defendant, and had the note on which the suit was brought executed to his wife with the same fraudulent design upon his creditors. Driggs had sued out a writ of garnishment on his judgment against Mr. Whiteside, and had it served on Mrs. Kershaw, the maker of the note. The interplea sought to have the note declared the property of Mr. Whiteside, the judgment debtor, and subjected to the payment of the judgment. The case was transferred to the equity docket, where, after a trial, the court found and decreed as prayed by the interplea. The original plaintiff appealed. The correctness of the decree is attacked *in limine* by questioning the jurisdiction of the Circuit Court.

On appeal from a justice of the peace court, the jurisdiction of the Circuit Court is derived from and is dependent upon the appeal. It cannot put its original jurisdiction into exercise by superadding to the pending controversy a cause of action, or an issue that the justice of the peace could not entertain. In such case the Circuit Court can render no judgment that the justice is not authorized to render. *Cunningham v. Holland*, 40 Ark., 556; *Hanna v. Morrow*, 43 Ark., 107; *Davis v. Davis*, 83 N. C., 71; *Cross v. Eaton*, 48 Mich., 184.

JURISDICTION: Of Circuit Court on appeal from justice of the peace.

The question presented, then, is, can a justice of the peace entertain jurisdiction to administer the relief demanded in Driggs' interplea. The motion to make Driggs a party and require him to assert his claim had been aptly made before the justice, and was by him denied. If he erred in this it was certainly competent for the Circuit

Jurisdiction of justice of the peace.

Court, on appeal, to correct the error by bringing in the new party. That was the object of the appeal. But Driggs' claim was in the nature of a new action, and if when presented to the Circuit Court it became apparent that it presented a case not enforceable in the tribunal appealed from, the court should have dismissed the interplea. The facts disclosed in the interplea show an attempt on the part of Driggs to subject the equitable assets of his judgment debtor to the payment of his debt, by means of a complaint in the nature of a creditor's bill. Could a justice of the peace take cognizance of such a suit? At common law they had no civil jurisdiction. The grant of this authority is American, and results from positive law. With us their jurisdiction is derived from the Constitution, and they possess only such jurisdiction as is expressly given, coupled with the incidental powers necessary to carry it into effect. All jurisdiction was parceled out and distributed by the Constitution, and the jurisdiction not expressly granted to some other court, or authorized to be granted, is reserved to the Circuit Courts. (*State v. Owens, 34 Ark., 188.*) The justices of the peace take nothing by implication except what is necessary to make effective their express powers. The grant of civil jurisdiction to them is limited to "matters of contracts," and to suits for the recovery of or damage to personal property of a limited value. The Constitution of 1836 contained a similar provision as to jurisdiction of matters of contract, and in *Gibson v. Emerson, 7 Ark., 172,* it was said that the evident design of the Constitution was not to extend the jurisdiction to any other class of cases. Looking to the interplea and giving it the benefit of the most favorable interpretation in the light of the evidence adduced under it, we are unable to see that the cause of action alleged or proved can be brought within the mean-

Whitesides v. Kershaw & Driggs.

ing of any of the terms of the Constitution granting jurisdiction to the justice of the peace. There was no contractual relation between the interpleader and either of the other parties to the suit, and the proceeding was not for the recovery of specific property. The object of the interpleader was to work out his rights, not upon any element of contract, but upon purely equitable principles. He had already set the machinery of the law court in motion to effect his object, by suing out a writ of judicial garnishment in the Circuit Court and making an equitable levy upon the fund in the hands of Mrs. Kershaw. This proceeding at law, as was held in *King v. Payan, 18 Ark., 583*, has the same effect, and is concurrent with the remedy in equity by creditor's bill. But Driggs, in his interplea, was not pursuing his law remedy. He abandoned that for the time, at least, and sought to enforce the lien he claimed on the chose in action by removing the fraudulent incumbrance alleged to be placed upon it by his debtor, in order to make clear the way of his judgment. It is the peculiar province of courts of equity to do this, and a justice of the peace court is not a chancery court. The justice may apply equitable doctrines to the solution of questions in cases properly coming within his jurisdiction, but he does not possess the machinery and appliances of a court of equity, and cannot administer the flexible remedies of that court. (*Jones v. Graham, 36 Ark., 405; Snell v. Mohan, 38 Ind., 494.*) Aside from the trial of the right of property and the condemnation of attached property, the only thing a justice of the peace can ultimately determine is the question of indebtedness. (*Steiger r. Surgit, 10 S. & Mar., 154.*) These courts were not designed for complicated matters. They have been aptly called the people's courts, and the object of their organization was to afford to every one a convenient, expeditious and cheap method for the settlement of the small,

*Equitable jurisdiction of justice of the peace.*

every day affairs of life.   It was the design that these tri-
bunals should be presided over by worthy and practical
men, versed in ordinary business matters, but not learned
in the law; and, in keeping with this design, no equitable
powers have been conferred upon them.   That jurisdiction
is given to the Circuit Courts until separate courts of
chancery are organized.   (*Art. 7, secs. 15 and 40, Const. of
1874.*)   A justice of the peace can exercise only such pow-
ers and perform such duties as are prescribed for him by
law.   If he may enforce a lien, such as the decree in this case
undertook to do, the reason would be stronger for permit-
ting the foreclosure of a mortgage on personal property in
his court, for in that case is added the element of contract
in the creation of the lien; but that power was denied by
this court in *Lemay v. Williams, 32 Ark., 173*, upon the
ground that no chancery jurisdiction has been conferred.
See, too, *Snell v. Mohan, 38 Ind , 494.*

These views are in no wise affected by the fact that Mrs.
Kershaw, the defendant, adopted as her remedy the stat-
utory substitute for an interpleader's bill, to rid herself of
the possibility of twice paying a debt she stood ready to
discharge without suit.   The inconvenience that she might
experience could not aid the justice's jurisdiction.   She is
not without remedy, however.   It would be abhorrent to
justice if she must, of necessity, be twice subjected to the
payment of the same debt.   The Circuit Court, in a proper
proceeding, can adjust all the matters presented by the
record, and hold the creditor's proceedings against Mrs.
Kershaw in *statu quo* until it is determined who is entitled
to receive the fund arising from her note.

Let the decree be reversed and the case remanded with
instructions to dismiss the interplea without prejudice;
transfer the case to the law docket and proceed in accord-
ance with law.