### ASSIG v. PEARSONS.

Plaintiff obtained judgment against defendant in a justice's court on two promissory notes. The case was appealed to the county court, and defendant asked leave to file his affidavit denying the genuineness of the signatures to the notes, which defense he did not make before the justice. The county court denied the application and refused to consider the affidavit as a paper in the case. *Held* error, as there are no pleadings in cases appealed from justices of the peace, and the affidavit properly raised the issue of the genuineness of the signatures.

*Appeal from County Court of Lake County.*

PEARSONS recovered judgment against Assig, before a justice of the peace, on two checks of $50 each, purporting to be signed by Assig. On appeal to the county court, Assig asked leave to file his affidavit in the case denying that the signature to the checks sued upon was his signature and alleging that the same were forgeries. The court refused to receive or consider the affidavit, on the ground that it had not been filed on the trial be-

fore the justice of the peace, and judgment was rendered for the plaintiff.    Assig appeals to this court.

Messrs. George and Phelps, for appellant, *ex parte*.

Elbert, J.    Before or at the time the case was called for trial in the court below, the defendant Assig asked leave to file his affidavit denying that the signature to the checks sued upon was his signature.    The refusal of the court to permit the defendant to file this affidavit, and to consider it as a proper paper in the case, was error. Whether such affidavit or a similar affidavit had been filed on the trial before the justice was immaterial.    Section 1949, Gen. St., provides that "no party to any suit before a justice of the peace shall be permitted to deny his or her signature to any written instrument upon which such suit shall be founded, or which shall be offered as a set-off or acquittance for the debt demanded in such suit, unless the said denial be under the oath of the party so denying the signature purporting to be his or her own."    Section 1987, Gen. St., provides that, upon appeals from justices to the county court, the appellate court shall hear and determine the cause in a summary way, according to the justice of the case, without pleading in writing.    Section 1989 provides that the rights of the parties shall be the same as in original actions.

Undoubtedly, in an original action brought in the county court, "the genuineness and due execution" of the instrument sued upon could have been put in issue by a verified answer.    Section 66, Amended Code.    As there were no pleadings in the case, and as it was the duty of the appellate court, under the section which we have quoted, to hear and determine the cause in a summary way, without pleading in writing, the affidavit of the defendant denying his signature should have been received as raising this issue, and as putting the plaintiff to proof of the signature of the defendant.    If the issue

was not presented on the trial before the justice, it might have afforded grounds for a postponement of the trial to avoid surprise to the other party; but it was not a ground for rejecting the affidavit.

The judgment of the court below is reversed and the cause remanded.

*Reversed.*