## RAMER, PLAINTIFF IN ERROR, v. SMITH ET AL., DEFENDANTS IN ERROR.

1. PRACTICE.

One who is sued before a justice of the peace on a claim of which the justice has jurisdiction cannot interpose a counterclaim or set-off in excess of the justice's jurisdiction, and thereby defeat the plaintiff's right to sue in that forum.

2. JURISDICTION—SET-OFF.

Demands to be set off in an action before a justice of the peace must be within the jurisdiction of the court.

3. PRACTICE ON APPEAL FROM JUSTICE'S COURT.

When a case reaches the county court on appeal from a justice of the peace, although it is triable *de novo*, and although the defendant may interpose any permissible defense to defeat the plaintiff's claim, whether put in by way of set-off or counterclaim, he is limited in these respects to such matters as might have been legally pleaded before the justice.

4. PRACTICE—JURISDICTION.

The jurisdiction of the court cannot be divested by a motion which rests for its validity upon the ascertainment of a fact suggested by an affidavit. Such matters present an issue upon which the parties have a right to be heard and to produce evidence.

*Error to the County Court of Larimer County.*

Messrs. ROBINSON & LOVE, for plaintiff in error.

Messrs. BAILEY & GARBUTT and Mr. FRANK J. ANNIS, for defendants in error.

BISSELL, P. J., delivered the opinion of the court.

A writ of error was sued out to reverse a judgment of the county court of Larimer county dismissing the plaintiff's action. The judgment was put on the ground that the justice had no jurisdiction to entertain and try the suit, and the matters supposed to sustain the conclusion were for the first time exhibited in the court to which the cause had been

appealed.   The suit was on a note for one hundred dollars, and the amount claimed was within the statutory limit of the justice's jurisdiction.   The defendants made no appearance, otherwise than to preserve their right to appeal, gave the statutory bond and took the case to the county court. When it got there, the defendants attempted to divest the jurisdiction of the county court by asserting a set-off or counterclaim in excess of anything which could have been set up while the cause was pending before the justice.   It is exceedingly doubtful whether what the defendants did in this direction would, under any circumstances, amount to a plea of set-off or counterclaim, since it was not matter suggested by way of answer.   The defendants filed the following affidavit:  " That defendants made, executed and delivered their certain ten promissory notes to plaintiff for the aggregate sum of one thousand dollars, as a part of the purchase price of the furnishing and appliances of the certain hotel, situate in the city of Fort Collins, in the county of Larimer and state of Colorado, known as the Tedmon House, and certain credits connected therewith.   That the consideration of said notes has wholly failed in this, that the said plaintiff was not the owner of the property sold by her to these defendants, and that the value of the property sold by plaintiff to defendants, to which she had no title, is of the value of one thousand dollars, and that defendants have, as affiant verily believes, a just and valid counterclaim and set-off against plaintiff in the sum of one thousand dollars or thereabouts.   That the amount in controversy in this action exceeds the sum of three hundred dollars."

On this affidavit, a motion was made to dismiss the suit. The case might be disposed of on the hypothesis that the affidavit does not present an issue which the defendants had a right to tender in the court where the case was brought. There is no known way by which when one is sued on a claim of which a justice has jurisdiction, and he is possessed of a right of action against the plaintiff for a sum largely beyond the statutory limit, he may interpose this counterclaim

for the purposes of defeating the plaintiff's right to sue in that forum, and compel him to resort to some other tribunal for the adjustment of that difference. Of course, the defendants are not without a remedy, and if the plaintiff be insolvent or recover a judgment, it would be a very easy matter to compel him to await the disposition of a suit which the other might bring for the collection of the larger debt. But this inquiry is foreign to the present case.

The statute prescribing the jurisdiction of the justice, and conferring the right of appeal on the defeated party, is very plain and specific. It is universally true in all jurisdictions that the plaintiff may only initiate in the justice's court a suit clearly within this defined limit. It seems tolerably clear that the defendant in resisting the recovery, unless it be under very special circumstances, where the matter relates to a claim of title to property, is limited in his right of counterclaim or set-off to the assertion of a right which shall likewise be within the jurisdiction of the justice. It is possible that if a set-off be larger, but is simply invoked for the purpose of defeating the plaintiff's claim, it may be asserted for that purpose, though what the effect would be as to the excess for which he might have obtained an affirmative judgment in some other court, had the suit been brought there, need not be examined. These questions have been considered in other courts where the jurisdiction of the justice is limited to a specific amount. It has been held that the defendant may not set off any claim which would exceed the jurisdiction of the justice had he brought a suit to recover the debt. *Holden v. Wiggins*, 3 Penrose & Watts, 469; *Malson v. Vaughn*, 23 Cal. 61; *Seafkas v. Evey*, 29 Ill. 173; *Finch v. Ives*, 28 Conn. 114; *Cross v. Eaton*, 48 Mich. 184.

These authorities undoubtedly indicate that a waiver by the defendant of the balance of his claim would not justify him in asserting a set-off or counterclaim beyond the jurisdiction of the justice. But we need not decide whether it would be legitimate, as in the case of bringing a suit, for the actor to waive a part of his claim and maintain a suit for the

balance which would after the waiver be within the boundaries of the jurisdiction. That matter is not strictly before us. The supreme court has several times been called upon to determine suits brought under the justice's act, and while the opinions do not squarely decide the present proposition, the intimations of the court and its language are very largely in the direction of the present opinion. That court has held that after a case has been tried before a justice the cause comes into the county court for trial *de novo*, and for trial as was the original action before the justice. *Thornily v. Pierce*, 10 Colo. 250 ; *Bassett v. Inman*, 7 Colo. 270 ; *Assig v. Pearsons*, 9 Colo. 587 ; *Downing v. Florer*, 4 Colo. 209 ; *Corthell v. Mead*, 19 Colo. 386.

These authorities are conclusive upon the question that. the jurisdiction of the county court is appellate rather than original, and inferentially at least they decide that under section 1989 of the justice's act (General Statutes of 1883) the rights of the parties shall be as in " the original actions." The necessary result is that when the case reaches the county court although it is triable *de novo*, and although the defendant may interpose any permissible defense to defeat the plaintiff's claim, whether put in by way of set-off or by way of counterclaim, he is limited in these respects to such set-off and such counterclaim as might legally be pleaded before the justice. If the matter offered could have been presented where the suit was started, it is available in the county court where the case comes by appeal. If not pleadable in the original jurisdiction, it cannot be set up in the court to which the cause has been removed. These legal conclusions dispose of the matter, and the judgment must of necessity be reversed.

This being true, it is scarcely necessary to refer to the character and substance of the affidavit. It is enough to state that even though the matter had been available to defeat the jurisdiction of the county court, it was not so presented as to entitle the defendants to a dismissal of the case on a motion filed for the purpose. The jurisdiction of a

court cannot be divested by the interposition of a motion which rests for its validity upon the ascertainment of some fact suggested by an affidavit. Such matters present an issue upon which the parties have a right to be heard, and concerning which they have a right to introduce evidence, and the court is without authority to assume such an affidavit to be true, and thereon base a judgment which shall be conclusive of the parties' rights. There is a very grave question as to what the right of the defendants may have been. Whether the matter was a part of the transaction for which the note was given on which the plaintiff brought suit, is not disclosed. If this happens to be true, and the defendants desire to litigate the question as to the title of the property before the suit is determined, they are not without a remedy, and their rights can be easily and amply protected. It is not for us to suggest the remedy—it is enough to state that it is very apparent that their interests need not be sacrificed.

For the foregoing reasons, the judgment of dismissal will be set aside, and the case reversed and remanded for a new trial.

*Reversed.*