## Mathias Lauer v. Lilly T. Griffith.

1. SURETIES—*Obligations Not To Be Extended.*—The obligation of a surety can not be extended beyond the strict limits of his obligation.

2. SAME—*What Discharges the Sureties.*—The parties to a suit pending in the County Court on appeal from a justice of the peace, entered into a stipulation that the County Court might enter judgment in favor of the plaintiff for whatever sum might be found due him, although such sum might exceed the pecuniary jurisdiction of the court, and afterward a judgment was entered in favor of the plaintiff for the sum of $400. *It was held* that the stipulation operated to make the suit in the County Court, a new suit, and to discharge the sureties upon the appeal bond.

**Debt on an Appeal Bond.**—Error to the County Court of Cook County; the Hon. ORRIN N. CARTER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1900. Reversed and remanded. Opinion filed December 18, 1900.

CHARLES WERNO, attorney for plaintiff in error.

C. B. SIMONS and SAMUEL B. KING, attorneys for defendant in error.

MR. PRESIDING JUSTICE SHEPARD delivered the opinion of the court.

One James Lauer was sued by the defendant in error before a justice of the peace and a judgment for $200 was obtained against him. From such judgment he appealed to the County Court, and the plaintiff in error, Mathias Lauer, joined him in his appeal bond in the penal sum of $400. The condition of the appeal bond was in substance the form prescribed by the statute (Sec. 115, Chap. 79), as follows:

"Now, if the said James A. Lauer shall prosecute his appeal with effect, and shall pay whatever judgment may be rendered against him by the court, upon the trial of said appeal, or by consent, or in case the appeal is dismissed, or in case the matter in controversy is settled between the parties to the suit without a trial by the court appealed to,

will pay the judgment rendered against him by said justice and all costs that have been made before the justice, and all costs occasioned by said appeal, then the above obligation to be void, otherwise to remain in full force and effect."

After the appeal was pending in the County Court a stipulation was entered into in that court by the plaintiff and defendant, the said James A. Lauer, " that said County Court might enter judgment in favor of the plaintiff for whatever sum" might be found due to the plaintiff, although such sum might exceed the pecuniary jurisdiction of said court.

Afterward a judgment by said County Court was entered in favor of the plaintiff and against the said James A. Lauer for the sum of four hundred dollars.

This suit was then begun, in debt, upon said bond, and a judgment for $472.50 was recovered against said James A. Lauer and this plaintiff in error, and this writ of error now calls in question the correctness of that judgment, as to the surety. The plaintiff in error, the surety on the appeal bond, was not a party to the stipulation referred to, and it does not appear that he ever gave consent to or had knowledge of it.

To the declaration, the plaintiff in error filed a general issue, which being overruled, the judgment for want of plea was entered by default against the parties. We do not know of any decision by our Supreme or Appellate Courts that cover the exact point, but general principles forbid the recovery that was had against the surety, plaintiff in error. The general doctrine that the obligation of a surety can not be extended beyond the strict limits of his contract, requires no citation of authorities.

The condition of the bond to pay whatever judgment might be rendered against James A. Lauer by the court, upon the trial of the appeal, or by James A. Lauer's consent, must, so far as the surety is concerned, be held to mean such a judgment as is within the jurisdiction of the justice. That was the extent of the condition as applied to the surety. Nothing more can be held to be within the

meaning of the bond or within the contemplation of the parties.

The consent or stipulation that was entered into between the plaintiff and James A. Lauer in the appeal court, could not bind the surety. It is opposed to every principle of law applicable to sureties that we are familiar with, to hold that a surety upon an appeal bond in a suit begun before a justice should be mulcted in a sum larger than the justice's jurisdiction simply because of an agreement of the parties to the suit to submit to the jurisdiction of the appellate tribunal.

It might be competent for the parties to the appeal, themselves, to stipulate to increase the limit of the County Court's jurisdiction beyond that of the justice of the peace, but not as to the surety.

To do so as to the surety would be in effect a fraud upon him, by adding a liability that he never contracted for or in any way consented to.

As said by Judge Cooley in Evers v. Sager, 28 Mich. 47:

" The defendant, by his consent to the amendment, could not bind the sureties on the appeal.

They undertook by their recognizance to abide the result of the case which was appealed, and any radical change in the case, made without their consent, would discharge them. If the court had possessed power to order or allow such amendment, irrespective of the stipulations of the parties, the sureties would have been bound by its action, because their obligation must be understood as contemplating the possible exercise of such power; but it could not be understood as making them responsible for such acts of their principal as are not contemplated by the statute, and such as could only bind him personally on the principle of estoppel.

The undertaking of the sureties is *strictissimi juris*, and is not to be enlarged by a proceeding of this nature, probably had without their knowledge, and which would operate as a fraud upon them if it could bind them."

That was a case where, on appeal from a justice's judgment in trespass, the parties by consent amended their pleading by increasing the *ad damnum* to a sum beyond the jurisdiction of the justice; and it was held that the amend-

I. C. R. R. Co. v. Foulks.

ment operated to make the suit in the Circuit Court a new suit, and to discharge the sureties on the appeal, as to whom the judgment was reversed.

See, also, Cross v. Eaton, 48 Mich. 184.

The cases of Allen v. Belcher, 3 Gil. 594, and Birks v. Houston, 63 Ill. 77, cited by defendant in error, have no application. They were cases of appeals as between the parties. No question as to sureties was involved in either case.

We have examined all the cases cited by defendant in error, with the result that they are not applicable, or, as in Wisconsin, are affected by the statute of that State.

The judgment is reversed and the cause remanded.