[No. 8296.]

## KENNEDY V. ANDERSON.

APPEAL—*From Justice of the Peace.* Where, two being defendants, one prevails, and judgment being given against the other, he appeals, the plaintiff cannot, under Rev. Stat. sec. 3852, summon into the County Court the defendant who was acquitted in the court of the justice, and require him to renew his defense. (274-276.)

*Error to Denver County Court.* Hon. W. C. HOOD, Judge.

Mr. WILLIAM A. COOK, for plaintiff in error.

No appearance for defendants in error.

HILL, J., delivered the opinion of the court.

The plaintiff in error brought suit before a justice of the peace against W. W. Anderson and H. H. Tangemann; summons was duly served upon both. Upon trial before the justice, a judgment was rendered in favor of the plaintiff against the defendant Tangemann for $25 and costs; judgment was also rendered against the plaintiff and in favor

of the defendant Anderson for costs. Within the time and in the manner provided by statute, the defendant Tangemann perfected an appeal to the County Court from the judgment against him. Neither the plaintiff nor the defendant Anderson took an appeal from the judgment against the plaintiff in favor of the defendant Anderson. The plaintiff caused to be issued by the clerk of the County Court and served upon the defendant Anderson, a summons as provided for in section 3852, Revised Statutes, 1908, which required him to appear in that court and abide and perform the judgment of the court to be rendered. In response to this summons the defendant Anderson appeared, and, prior to trial, called the court's attention to the facts as disclosed by the record, and that as he was not a party to the judgment from which the appeal was taken, and as no one who was a party to the judgment rendered in his favor had appealed therefrom, he could not be brought into the County Court in the manner attempted. The court held that all parties were before the County Court the same as they were before the justice of the peace, to which ruling the defendant Anderson saved an exception. At the trial, which was to the court, the issues were found in favor of the defendant Tangemann, against the plaintiff, and judgment ordered for costs, and in favor of the plaintiff against the defendant Anderson and judgment ordered accordingly for $25 and costs. Upon motion for a new trial by the defendant Anderson, the court sustained his original contention, and held that it was without jurisdiction to try the case against him, evidently upon account of the method by which it was attempted to get him into the County Court when no appeal had been taken by any party to the judgment of the justice in his favor.

The plaintiff brings the case here for review and contends, that section 3852, Revised Statutes, 1908, is authority for the court's first ruling in holding that all parties in the justice court were properly before the County Court, and

that its subsequent ruling to the contrary is reversible error. Had the judgment of the justice been against both of the defendants for any part of the amount claimed, there would be no question concerning the correctness of this contention, and the Illinois cases cited would then be in point, as well as some of our own (which counsel says squint at this conclusion). But we do not have such a case under consideration; to the contrary, we have two judgments, one for the plaintiff, against one defendant, and one against the plaintiff, in favor of the other defendant. From this latter the plaintiff has not seen fit to appeal, yet seeks to have a trial *de novo* in the County Court of the same issue involved therein against the defendant Anderson without appealing therefrom. In the absence of statutory authority, this cannot be done. Section 3852, Revised Statutes, 1908, reads:

"When an appeal bond shall be executed by one of several parties, from the judgment of a justice of the peace, the clerk of the county court shall issue a summons against the other parties, notifying them of the appeal in the said county court, and requiring them to appear, and abide and perform the judgment of the court in the premises, which summons shall be served as other process issued in appeal cases; and in case such summons shall be returned that parties are not found, the cause shall at the first term of the court be continued, but at the second term shall be tried. The court shall have power to give the same judgment in the appeals taken under the preceding sections, as though all the parties to the judgment had joined in the appeal."

It will be observed that this section says, when an appeal bond shall be executed by one of several parties from the judgment of the justice, the clerk shall issue a summons against the other parties, etc. This, unquestionably, means by one of several parties to the judgment, and also the words "the clerk of the county court shall issue a summons against the other parties" mean other parties to the judgment. If there is any ambiguity concerning it in this portion of the

section, it is made clear by the concluding paragraph which reads: "The court shall have power to give the same judgment in the appeals taken under the preceding sections, as though all the parties to the judgment had joined in the appeal." It will thus be observed that this concluding paragraph which vests the power in the County Court to render judgment on appeal, limits it to those who were parties to the judgment in the justice court. Had it said, parties to the action, then a different rule might prevail.

Counsel for plaintiff in error advises us (which is correct) that this section was copied from the Illinois statute, for which reason he claims that cases cited from that state, where parties to the judgment were involved, should be followed. We think they are not applicable; but had he looked at *Fabbri v. Cunio*, 1 Ill. App. 240, he would have found this section under consideration where, as here, the justice had rendered judgment against the plaintiff, in favor of one of the defendants, and in favor of the plaintiff against the other defendant. In commenting, the court said:

"Under this section it was necessary to bring before the Circuit Court only the persons who were the parties to the judgment appealed from. While it is true that both Charles and Sarah Fabbri were sued, the judgment from which the appeal was taken was rendered against Charles alone. The other defendant had established her defense, and a separate judgment was rendered in her favor against appellee. She was not, within the meaning of the statute above quoted, a party to the judgment against her co-defendant. For all the purposes of the appeal she was to be treated the same as though she had never been joined in the suit.

The object of the statute is to provide, in cases where one of several joint parties to a judgment appeals, for bringing before the court the other joint parties, so that upon trial a proper judgment may be rendered against them all.

Where, however, upon a trial before a justice of the

peace, part of the defendants succeed in establishing their defense, and judgment is rendered against the remaining defendants alone, the defendants against whom judgment is rendered cannot by appealing, subject their co-defendants who have successfully defended, to a re-trial of the suit." We think this reasoning applicable here and if a co-defendant cannot do so, certainly the plaintiff, without furnishing the necessary bond, etc., cannot do so. In such cases, the statute means, if the plaintiff wishes a trial *de novo* in the county court against the defendant who secured a judgment against her in the justice court, that some one who is a party to that judgment must perfect an appeal therefrom in the manner provided by statute.

The judgment is affirmed.

*Affirmed.*

GABBERT, C. J., and TELLER, J., concur.