No. 15,320.

JOHNSON *v.* COUSINS.

(135 P. [2d] 1021)

Decided March 29, 1943.

Mr. John T. Dugan, for plaintiff in error.

Mr. Thomas Campbell, for defendant in error.

*En Banc.*

Mr. Justice Hilliard delivered the opinion of the court.

An action originating before a justice of the peace. Defendant in error was plaintiff, and plaintiff in error was defendant. The claim was for $95.00, based on unpaid rental of real property. In aid of the action there was attachment and garnishment. On defendant's motion, the attachment writ was quashed and the garnishee discharged.

Before trial, defendant, claiming that the abated attachment had damaged him, sought recovery in the sum of $100.00. The justice, trying the case as to both claims, adjudged against plaintiff, and for defendant in the sum of $50, and costs. Plaintiff appealed from the judgment rendered in favor of defendant, and the case reached the county court in due course.

On trial in the county court, in the conduct of which a jury was employed, plaintiff was given judgment on his claim, and defendant's claim was rejected.

Plaintiff in error's specifications are comprehended in three points: (1) That since plaintiff appealed from the judgment against him on defendant's counterclaim, and not from the adverse judgment on his claim, only as to the counterclaim did the county court have jurisdiction to proceed; (2) that the court erred in allowing counsel for plaintiff to inquire of defendant whether he had been adjudged a bankrupt, which elicited an affirmative

answer; (3) that the court erred in permitting the introduction in evidence of the current city directory of Denver, which recited that defendant was engaged in business in the property, for the use of which plaintiff was seeking recovery.

The sum claimed and adjudged in behalf of plaintiff is not questioned. The defense was that defendant's wife, not he, was the tenant, and that he is not beholden. The wife did not testify.

There was evidence to the effect that defendant personally leased the property involved from plaintiff at an agreed rental, toward the discharge of which he made a payment at the time plaintiff said he had rented the property; also, that defendant had stated to different people that he was conducting the business that was being carried on in the property involved. On the other hand, there was evidence that defendant's wife conducted such business in plaintiff's property, and it was established that the several licenses exacted by the state and city in the matter of the conduct of the business, were issued in the wife's name. Resolution as to the ultimate truth, submitted to the jury on instructions not challenged, resulted as already stated.

We think the county court rightly resolved that the claims of both parties were properly subject to its judicial inquiry. Section 31, chapter 96, '35 C.S.A., requires that in all suits commenced before a justice of the peace, "each party shall bring forward his or her demands against the other * * *" or "forever be debarred from" suing thereon. By section 140, provision is made for appeals from judgments of justices of the peace to the county court, and by section 151, it is provided that on trial in the appellate court, "the rights of the parties shall be the same as in the original actions." By section 149, it is provided that without regard to the proceedings before the justice, the county court shall hear and determine the cause in a summary way, according to the justice of the case, and without pleading in writing.

██ ██ Briefly, as we construe the statutes and decisions, the rule is "that after a case has been tried before a justice the cause comes into the county court for trial *de novo,* and for trial as was the original action before the justice," particularly as to all who were parties to the judgment of the justice's court from which the appeal was taken. *Ramer v. Smith,* 4 Colo. App. 434, 36 Pac. 302. See, also, *Assig v. Pearsons,* 9 Colo. 587, 13 Pac. 719; *Bassett v. Inman,* 7 Colo. 270, 3 Pac. 383. We regard *Kennedy v. Anderson,* 60 Colo. 272, 152 Pac. 894, on which defendant relies, as distinguishable. In that case the suit was against two defendants. The justice gave judgment against one of them but in favor of the other. The losing defendant prosecuted appeal to the county court, but the plaintiff did not appeal from the judgment which was awarded the other defendant. Proceeding under section 3852, R.S. '08 (section 147, chapter 96, '35 C.S.A.), plaintiff there sought to require the defendant who had prevailed before the justice, to appear in the county court and "abide and perform the judgment of the court to be rendered." Although originally giving countenance to plaintiff's contention, the county court finally adjudged that since the successful defendant in the justice court was not a party to the *judgment* from which the appeal was taken, it was without jurisdiction as to him; and we approved that view. Here, however, the parties on appeal were parties to the judgment from which the appeal was taken, neither being merely a party to the action, as was the situation as to one party in the *Kennedy-Anderson* case, supra. We think the over-all purpose of the justice of the peace act is to require *all parties to any* ACTION instituted before a justice, to submit for determination all claims within the jurisdiction of the justice, and that like purpose obtains as to *all parties to any* JUDGMENT appealed to the county court. There were but two parties to the action before the justice in this inquiry, and both were parties to the justice's judgment which was ap-

pealed to the county court. That court, as we are persuaded, rightly proceeded to hear and determine the respective claims of the opposing parties, precisely as had been the course pursued by the justice on the original trial.

■ It was not an error, as we perceive, to allow plaintiff's attorney to ask defendant on cross-examination whether he had ever been adjudged a bankrupt. Dependent upon the trial court's reasonable discretion, it is permissible to go outside material matters to test a party's credibility when he takes the witness stand. It should be borne in mind, however, that in such exploration the answer may embarrass the questioner, for he may not resort to rebuttal or impeachment in the premises. *"The privilege against disgracing answers* has in all but one or two jurisdictions disappeared. Its service, so far as it was useful, is better rendered by the rule of judicial discretion." III Wigmore on Evidence (3d ed.), p. 617. "The rule which confines the testimony to the point at issue, and excludes all evidence of collateral facts, or those which afford no reasonable inference as to the principal matter in dispute, is somewhat relaxed upon the cross-examination. A cross-examiner is allowed, subject to the discretion of the court, to inquire about collateral matters for the purpose of impairing the credit of the witness. *Stokes v. The People,* 53, N. Y. 176; *Lawrence v. Barker,* 5 Wendell, 301; 1 Greenleaf on Ev. (13th ed.) §§448, 449, and notes; 1 Starkie on Ev. 134." *McKeone v. People,* 6 Colo. 346.

■ The recital in the city directory to the effect that defendant, rather than his wife, as he claimed, was conducting the restaurant in plaintiff's property, was pertinent to the inquiry to which the trial court was addressing itself. "The character of the directory, and the extent of the inquiries, might affect the weight, but not the competency, of the evidence." *People v. Eppinger,* 105 Cal. 36, 38 Pac. 538.

Let the judgment be affirmed.