No. 16,416.

BURNS, DOING BUSINESS AS ACE CLEANERS *v.* MURRAY
ET AL. DOING BUSINESS AS
COLFAX ELITE CLEANERS.
(218 P [2d] 740)

Decided April 24, 1950.

Mr. JAMES F. FRIEL, for plaintiff in error.

No appearance for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE HILLIARD delivered the opinion of the court.

IN an action before a justice of the peace, defendant in error Murray sought judgment against plaintiff in error Burns and defendant in error Cooper. The justice gave judgment against defendant Cooper, but dismissed

the action as to defendant Burns. Cooper appealed from the judgment given against him, but plaintiff did not appeal from the judgment given in favor of defendant Burns.

When the case was reached in the county court, defendant Burns, who had enjoyed favorable judgment in the justice court, and from which plaintiff had not appealed, as already stated, appeared specially and moved for dismissal, for that, as said, the county court "does not have jurisdiction of said defendant." The court denied the motion, but with leave to re-present "at the hearing on said cause." At the opening of the trial in the county court, Burns once more urged his motion to dismiss the appeal as to him, but ruling thereon was reserved. In finality, however, the court, continuing to deny Burns' motion to dismiss, gave plaintiff judgment against defendant Cooper in the sum of $60.09, plus costs, and then, the court, remarking that "this is an oddity," gave judgment in favor of defendant Cooper against defendant Burns, in the exact sum given against Cooper in favor of plaintiff Murray, or $60.09, plus costs.

The controlling question is, Did the appeal taken by defendant Cooper from a judgment against him in the justice court, operate to make his codefendant Burns, who prevailed in the justice court, a party in the county court? The trial court, evidently basing its ruling on section 147, chapter 96, '35 C.S.A., resolved the query in the affirmative; but our holding in a case where there were two defendants, as here, one of whom suffered adverse judgment, the other prevailing, also as here, has been otherwise. *Kennedy v. Anderson,* 60 Colo. 272, 152 Pac. 894. We reviewed that case in *Johnson v. Cousins,* 110 Colo. 540, 135 P. (2d) 1021, saying, "In that case the suit was against two defendants. The justice gave judgment against one of them but in favor of the other. The losing defendant prosecuted appeal to the county court, but the plaintiff did not appeal from the judgment which was awarded the other defendant. Proceed-

.ing under section 3852, R.S. '08 (section 147, chapter 96, '35 C.S.A.), plaintiff there sought to require the defendant who had prevailed before the justice, to appear in the county court and 'abide and perform the judgment of the court to be rendered.' " On the premise thus revealed, we said in the Kennedy case, that, "Where, however, upon a trial before a justice of the peace, part of the defendants succeed in establishing their defense, and judgment is rendered against the remaining defendants alone, the defendants against whom judgment is rendered cannot by appealing, subject their co-defendants who have successfully defended, to a re-trial of the suit. We think this reasoning," we there added, "applicable here and if a co-defendant cannot do so, certainly the plaintiff, without furnishing the necessary bond, etc., cannot do so. In such cases, the statute means, if the plaintiff wishes a trial *de novo* in the county court against the defendant who secured a judgment against her in the justice court, that some one who is a party to that judgment must perfect an appeal therefrom in the manner provided by statute."

In the circumstances appearing, we think that immediately upon presentation of the motion of plaintiff in error for dismissal of the case as against him, the court should have granted it. It follows that, in so far as the trial court subsequently made orders or gave judgment adverse to plaintiff in error, it proceeded in error.

Let the judgment against plaintiff in error be reversed, and the cause remanded, to the end that the trial court may order dismissal of the proceeding against him.