Case 54—PROSECUTION AGAINST WILLIAM BRITTON FOR MURDER.—Oct. 4.

## Britton v. Commonwealth.

Appeal from Fayette Circuit Court.

WATTS PARKER, Circuit Judge.

Defendant convicted and appeals.     Reversed.

1. Homicide—Indictment—Murder and Conspiracy to Murder— Election—An indictment against B. in two counts charging him first "with wilfully, feloniously and maliciously shooting at and wounding C. from which wounding he died," and second with "having entered into a conspiracy, with one J. and others unknown to the grand jury, the purpose of which was to murder C." and while said conspiracy existed, pursuant to and as the result of same, the said J. and others unknown to the grand jury, did wilfully, feloniously and maliciously murder said C. charges only a single offense and on the trial of B. the court properly refused to require the Commonwealth to elect upon which count it would proceed to try the accused.

2. Verdict—Sufficient Evidence—On the trial of one for a criminal offense when there is any evidence to sustain the verdict it will not be disturbed because it may appear to be contrary to the weight of the evidence.

3. Evidence—Crime by Defendant in Another State—Fleeing from Trial—Prejudicial Error—On the trial of one for murder where the evidence of his guilt was conflicting, it was error in the court to permit the accused to be asked and to state that he had killed a man in another State, and had fled from that State to escape a trial; and an instruction of the court to the jury that such evidence could only be considered by them so far as it affected the credibility of the accused as a witness, did not cure the error.

POLLARD and REDWINE and C. W. MILLER attorneys for appellant.

1.   It is a prejudicial error to permit the Commonwealth's Attorney to ask the defendant, on cross-examination, if he has committed other crimes or been indicted for other offenses than that for which he is being tried. (Parker v. Commonwealth, 21 R., 407; Baker v. Commonwealth, 20 R., 1778; Le lie v. Common-

wealth, 19 R., 1203; Saylor v. Commonwealth, 17 R., 100).

2. It is the duty of the Attorney for the Commonwealth to represent the interest of the Commonwealth with his utmost ability but it is not his duty to make a statement of fact, the credence of which is more or less strengthened by his official position, outside of the record, which may tend in the least degree to prejudice the rights of the accused. The statement of the Commonwealth's Attorney in his argument that it would do defendant no good to acquit him because he stood indicted in Virginia for murder and would have to go there for trial if acquitted, was prejudicial. His declaration, that there was more at stake in the result of this trial than the rights of the defendant, and that the restoration of peace and law and order in Breathitt Couny depended upon the conviction of defendant, was prejudicial. (Cook v. Commonwealth, 86 Ky., 666; Gilbert v. Commonwealth, 21 R., 545; Rhodes v. Comomnwealth, 21 R. 1071).

3. When indictment charges two offenses which are inconsistent, the Commonwealth should be required to elect which count it would prosecute. (Criminal Code, Sec. 122; Able v. Commonwealth, 5 Bush, 698).

4. A defendant must be tried by a jury of the vicinage, unless a change of venue is granted in due form of law. (Constitution of Ky., Sec. 11). Section 1147, Kentucky Statutes is unconstitutional. "It is the giving of blows and the infliction of the wounds that constitute the offense, and dying within a year and a day merely constitutes the grade of the crime. To support the statute," (Statute of Edward the VI which is identical with Ky. Statute 1147,) "upon the ground that the murder was commenced in one and completed in another county is to ignore the reason for guaranteeing to the accused the right to be tried by a jury of the vicinage." (Parker v. Commonwealth, 12 Bush, 194).

BYRD and JOUETT, attorneys for appellee, N. B. HAYS and C. J. BRONSTON of counsel.

Our contention in this prosecution is:

1. No error was committed by the lower court in not requiring the Commonwealth to elect on which count in the indictment it would prosecute the defenadnt. (Prickett v. Commonwealth, 13 Ky. Law Rep., 466; Combs v. Commonwealth, 15 Ky. Law Rep., 620).

2. Appellants claim of misconduct on the part of counsel for the Commonwealth is not well taken. (Cook v. Com., 86 Ky. 666; Gilbert v. Commonwealth, 21 Ky. Law Rep., 545; Rhodes v. Commonwealth, Ky. Law Rep., 1071).

3. The Fayette Circuit Court had jurisdiction to try the prosecution. (Commonwealth v. Jones, judge, 26 Ky. Law Rep., 867;

Britton v. Commonwealth.

Hargis v. Parker, 27 Ky. Law Rep., 441).

4. The verdict of the jury is not contrary to the evidence.

5. The court did not err in the admission of evidence to the jury. (Criminal Code, Sec. 340).

6. We submit on the whole case, that the appellant has had a fair and impartial trial, and no error has been committed prejudicial to his substantial rights.

OPINION BY JOHN D. CARROLL, COMMISSIONER—Reversing.

On a July afternoon in 1902, James Cockrill, while standing on the main street of the town of Jackson, in Breathitt county, was shot and fatally wounded. The same afternoon he was conveyed from Jackson to the city of Lexington, in Fayette county, where he died on the following day from the effects of the wounds. The fatal shots were fired from a window in the second story of the courthouse. In 1904, the grand jury of Fayette county returned an indictment against the appellant, charging him with the murder of Cockrill. The indictment contains two counts. The first count charges appellant with willfully, feloniusly, and maliciously shooting at and wounding Cockrill, from the effects of which shooting and wounding he died. The second count charges the appellant with having entered into a conspiracy with one Curtis Jett and others unknown to the grand jury, the purpose of which conspiracy was to murder Cockrill, and while said conspiracy existed, pursuant to and as a result of same, the said Jett and others unknown to the grand jury did willfully, feloniously, and maliciously murder said Cockrill, and further charges that the appellant, who was at said time a member of said conspiracy, and while same existed, and pursuant to same, was present and conveniently near at the time of said shooting and wounding, and did unlawfully, willfully, feloniously, and with malice aforethought, aid, abet, counsel, advise, and encourage said Jett and others to do said shooting.

Under this indictment, the appellant was tried in Fayette county, and his punishment fixed by the jury at imprisonment for life. From a judgment on this verdict he prosecutes this appeal, and urges as grounds for reversal the following alleged errors: First, the refusal of the court to require the Commonwealth to elect which charge in the indictment it would prosecute; second, misconduct of the Commonwealth's attorney in arguing the case; third, the grand jury of Fayette county had no jurisdiction of the offense; fourth, that the verdict is contrary to the evidence; fifth, that incompetent evidence was allowed to go to the jury.

The court properly refused to require the Commonwealth to elect upon which count in the indictment it would prosecute the appellant. The indictment only charges a single offense, because, if appellant himself shot and wounded Cockrill, or if he was shot and wounded by other persons, and appellant was present, aiding, abetting, counseling and advising the persons who fired the fatal shots, he was equally guilty of the murder of Cockrill; and the Commonwealth had the right to describe the offense in two counts. Cupp v. Com., 87 Ky. 35, 9 Ky. L. R. 877, 7 S. W. 405; Howard v. Com., 110 Ky. 356, 22 Ky. L. R. 1845, 61 S. W. 756. That Fayette county had jurisdiction of the offense is fully settled by the opinions of this court in Commonwealth v. Jones, 118 Ky. 889, 82 S. W. 643, 26 Ky. Law Rep. 867, Hargis v Parker, 85 S. W. 704, 27 Ky. Law Rep. 441.

In view of the fact that this case must be reversed, we refrain from discussing the evidence or expressing any opinion concerning it, except to say that it was amply sufficient to authorize a submission of the case to the jury; and this court has frequently held that, where there is any evidence to sustain the verdict, it will not be disturbed, because it may appear to be contrary to the weight of the evidence

In respect to the admission of incompetent evidence prejudicial to appellant, the record shows that the following took place during the examination of the accused: "Q.  Why did you leave Virginia?  A.  Well, I came out for one reason to see my kinfolks.  Q. Well, that is one reason.  Give us a second.  A.  I got into a little trouble there.  Q.  What kind of trouble? A.  Killed a fellow.  Q.  How long after that occurred did you leave Virginia?  A.  How soon after the killing?  Q.  Yes.  A.  Well, about nine months after the killing.  Q.  Where had you remained during that time?  A.  Right there in the county where I was raised.  Q.  Had you been indicted for it?  A.  Yes, sir.  Q.  Do you remember, had you appeared to answer that indictment?  A.  No, sir, I had not.  Q. How long before you left had the indictment been made?  A.  Why, it was a short time after the killing. Q.  And why hadn't you appeared to answer the charge?  A.  Well, I wasn't ready for trial at that time.  Q.  That was the reason you didn't appear? A.  Yes, sir.  Q.  Did you come to Kentucky to get ready?  A.  No, sir.  Q.  You answered me that you hadn't appeared to answer that indictment because you weren't ready?  A.  No, the reason I didn't there was right smart excitement over the killing.  Q.  Over that killing?  A.  Yes, sir.  Q.  Did you hide out? A.  No sir; I stayed around with my friends in the country around.  Q.  Around with your friends?  A. Yes, sir.  Q.  Was the sheriff hunting for you?  A. If he did, I didn't know it.  Q.  He never found you? A.  No, sir.  Q.  Was there anything else that caused you to leave Virginia?  A.  No, sir.  Q.  Wasn't there any other charge against you?  A.  No, sir. Q.  Are you sure of that?  A.  There was no other charge against me that I know of.  Q.  Were you not charged with killing a man?  A.  No, sir."  All of this evidence was properly excepted and objected to by appellant, and, upon its conclusion, the court said to the jury that the evidence of this witness, either to the

effect that he did kill a man in Virginia, or that he left there because he had killed a man, was permitted to be introduced solely for the purpose of affecting his credibility, if it did affect it, and for no other purpose; and the jury were instructed to let it have no other effect upon their minds, if it had that effect.

Section 597 of the Civil Code of Practice, which applies to criminal as well as civil cases, provides that: "A witness may be impeached by the party against whom he is produced * * * by evidence that his general reputation for untruthfulness or immorality renders him unworthy of belief; but not by evidence of particular wrongful acts, except that it may be shown by the examination of a witness, or record of a judgment, that he has been convicted of a felony." This section of the Code has been construed in a number of cases; and, in accordance with its provisions, it has been held in Farmer v. Com., 91 S. W. 682, 28 Ky. Law Rep. 1169; Henderson v. Com. 122 Ky. 296, 91 S. W. 1141, 28 Ky. Law Rep. 1212; Wilson v. Com., 64 S. W. 457, 23 Ky. Law Rep. 1044—that it is competent to show by a witness that he has been convicted of a felony, but it is not competent to show any particular wrongful act that the witness has been guilty of, or that he has been indicted for an offense. To illustrate: In Welch v. Com., 110 Ky. 105, 23 Ky. L. R. 151 60 S. W. 185, 948, 1118, 63 S. W. 984, 64 S. W. 262, Commonwealth v. Welch, 111 Ky. 530, 63 S. W. 602, the question of the competency of evidence of this character was elaborately investigated, and it was held reversible error to allow the Commonwealth to prove by a deputy sheriff that he had a warrant for the arrest of an important witness for the accused who had testified in his behalf, charging him with detaining a female with intent to have carnal knowledge of her. That case was before this court three times for the consideration of this single question, and instructive opinions concerning it will be found in 110 and

111 Ky. supra. In Howard v. Com., 110 Ky. 357, 22
Ky. L. R. 1845, 61 S. W. 756, it was held reversible er-
ror to inquire of him about his indictment for killing
one George Baker, and Judge Hobson, in his dissent-
ing opinion said: "I concur in the opinion of the court
in a reversal of the judgment in this case, on the
ground that the particulars of the shooting of Baker
by appellant should not have been admitted in evi-
dence. Appellant cannot be convicted in this case
because he may have committed another crime of like
character; and proof that he had done so, or such an
impression, might seriously prejudice him before the
jury, who might consider that such proof shows that
he was a character of person who would commit such
a deed as that charged here." In Pennington v. Com.,
51 S. W. 818, 21 Ky. Law Rep. 542, the court held that
it was incompetent to ask the accused concerning any
offense for which he had been indicted. The rule an-
nounced in these cases is the settled law in this State,
and evidence of particular wrongful acts is not compe-
tent, with the single exception that it may be shown
that the witness had been convicted of a felony. It is
also well established that the rules of evidence appli-
cable to witnesses generally govern the examination
of the defendant when he takes the stand in his own
behalf. Burdette v. Com., 93 Ky., 73; 13 Ky. L.R. 960,
18 S W. 1011; Saylor v. Com., 97 Ky. 184, 17 Ky. L.
R. 100, 30 S. W. 987.

Counsel for appellee do not insist that this evidence
was competent, but they say that it was not preju-
dicial to the substantial rights of the accused, because
the evidence in the record is conclusive of his guilt.
Section 340 of the Criminal Code of Practice pro-
vides that "a judgment of conviction shall be re-
versed for any error of law appearing on the record,
when upon consideration of the whole case the court
is satisfied that the substantial rights of the defend-
ant have been prejudiced thereby." Under this pro-
vision, it is not every error, however patent it may

be, that will authorize a reversal. In hotly contested cases, technical errors will creep into the record in spite of the vigilance and efforts of the court, to exclude them; but unless the error is such as violates some constitutional guaranty of the accused, or it appears from an investigation of the entire record that his substantial rights have been prejudiced, it will not avail him in this court. The question then narrows down to whether or not this evidence was prejudicial to the substantial rights of the accused. The accused was on trial for the murder of a man in Kentucky. There was evidence introduced in his behalf tending to show that he was not guilty of this crime, and also evidence conducing to show his guilt. In view of this conflict in the testimony, it cannot be doubted that the admission of the evidence showing that he had killed a man in another State, and had fled from that State to escape a trial for the crime, was highly prejudicial. The commission of the murder in Virginia threw no light upon the crime for which he was being tried. It had no connection whatever with it, remotely or indirectly. The only possible effect it could have on the minds of the jury was to prejudice them against the accused, in convincing them by his own admission that he had previously killed a man; nor did the admonition of the court to the jury cure this error.

It is also urged that the attorney for the Commonwealth, in his closing argument, indulged in improper comments and remarks. The improper argument complained of was a comment upon the incompetent evidence admitted. If the evidence had been competent, his remarks would not have been improper, but, as the evidence was incompetent, his remarks were improper.

For the error in the admission of this evidence, the judgment of the lower court must be reversed, with directions for a new trial in conformity to this opinion.