## Bentley v. Commonwealth.

.(Decided September 25, 1923.)

### Appeal from Letcher Circuit Court.

1. Witnesses—Error in Not Requiring State Witness to Answer Question as to Hostility Toward Accused.—The court erred in not requiring principal witness for the prosecution to answer a question as to whether he was on speaking terms with the accused when giving his testimony before the grand jury.

2. Criminal Law—Exclusion of Impeaching Evidence Held Not Prejudicial.—There was no substantial error in refusing to require principal state's witness to testify whether he was on speaking terms with accused at the time of testifying before the grand jury, where the accused in her own behalf subsequently testified thereto, and no denial was made as to the truth of her testimony by such witness when he was recalled.

3. Criminal Law—Sustaining Objection to Impeaching Question Not Prejudicial.—Accused was not prejudiced by the sustaining of an objection to principal witness for prosecution as to hostility of feeling toward the accused, where the evidence introduced by the Commonwealth exclusive of that furnished by the testimony of the witness in question, conclusively established accused's guilt.

4. Criminal Law—Reversal of Misdemeanor Convictions Authorized When.—On appeal to the Court of Appeals from a judgment of conviction for a misdemeanor, as from that of a judgment of conviction for a felony, a reversal will not be authorized, even for error of law committed by the trial court, unless upon consideration of the whole case the Court of Appeals is satisfied that the substantial rights of the appellant have been prejudiced thereby, in view of Criminal Code of Practice, sections 340-353.

5. Witnesses—No Impeachment by Proof of Conviction for Violation of Liquor Laws.—Under Civil Code of Practice, section 597, which applies to criminal cases as well as civil cases, accused cannot inquire of witness for prosecution whether he had been convicted of violating the prohibition law, a misdemeanor.

6. Intoxicating Liquors—Evidence of Unlawful Possession Sufficient to go to Jury and Support Verdict.—In a prosecution for unlawfully having in possession intoxicating liquors, evidence held sufficient to

require the submission of the case to the jury and to support verdict of guilty returned.

R. MONROE FIELDS for appellant.

THOS. B. McGREGOR, Attorney General, and LILBURN PHELPS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

The appellant, Lizzie Bentley, following her indictment for unlawfully having in her possession intoxicating liquors, was tried for the offense in the court below and found guilty thereof by verdict of a jury, which, by way of punishment therefor, inflicted upon her a fine of $100.00 and imprisonment of thirty days in jail. She was refused a new trial and has appealed from the judgment entered upon that verdict.

Of the several grounds urged in support of the appellant's motion for a new trial in the court below, only the following are complained of in the brief of her counsel as constituting error on the part of that court entitling her to the reversal of the judgment of conviction, viz.: (1) The refusal of the trial court to permit her to prove by the principal witness for the prosecution, as it is claimed she could have done, that his hostility of feeling toward her had caused him to quit speaking to her. (2) Its refusal to permit her to prove by the same witness that he had been tried and convicted of the offense of unlawfully selling intoxicating liquor. (3) The failure of that court to direct a verdict of acquittal, or grant the appellant a new trial because of the absence of evidence conducing to establish her guilt, or to support the verdict.

The first contention cannot be sustained. It appears from the record that Noah Bentley, the witness for the prosecution referred to, was asked upon cross-examination by appellant's counsel a number of questions intended to show that his hostility of feeling toward the appellant was such as to discredit him as a witness. Among other questions of this character was one inquiring of him if his ill-will toward the appellant had not caused him to cease speaking to her. His answer to which, in substance, was that he would speak to her when they met unless she refused to speak to him. It is complained, however, that the court, on the objection of the Commonwealth's attorney, excluded as incompetent and

would not permit to be answered, a further question from appellant's counsel inquiring of the witness whether he was on speaking terms with the appellant when giving his testimony before the grand jury by which she was indicted for the offense of which she was convicted; it being avowed that the witness, if permitted to answer, would have admitted that he was not then on speaking terms with her. We think the question was competent for the purpose indicated and should therefore have been permitted by the court to be propounded and answered. But in view of certain testimony on that subject later given on the trial by the appellant in her own behalf and the failure, in large part, of Noah Bentley to deny it, though subsequently recalled as a witness, we are convinced that the appellant was not prejudiced in any substantial right by the trial court's exclusion of the question and answer complained of.

The testimony of the appellant above referred to was substantially to the effect that after the death of her husband, Alvin Bentley, his family, including the witness, Noah Bentley, became angry with and ceased to speak to her, and that such had since continuously been their attitude and that of Noah Bentley toward her. Furthermore, that shortly before her indictment in this case, Noah Bentley became angry with her because she refused to lend him $100.00 with which to pay a court fine adjudged against him for violating the prohibition law. Though recalled as a witness after the appellant testified, Noah Bentley seems to have made no denial of any part of her testimony, except as to the charge of his attempt to borrow of her the $100.00, which he stated was not asked of her by him as a loan, but as a matter of duty on her part to pay his fine mentioned, incurred by reason of his being discovered with moonshine whiskey in his possession which he by her employment had procured for her. While upon being recalled the appellant denied that the fine imposed upon the witness, Noah Bentley, was because of his possession of whiskey procured for her or by her employment, it readily will be seen that by her own testimony as a whole she got to the jury, uncontradicted by him, her contention as to his hostility toward her, his having ceased to speak to her and the alleged grounds for such hostility. But yet another reason exists for our holding that the appellant could not have been prejudiced by the trial court's exclusion of evidence complained of, which is, that the evidence introduced on the appellant's

trial by the Commonwealth, exclusive of that furnished by the testimony of the witness, Noah Bentley, conclusively established her guilt of the offense charged.

On appeal to the Court of Appeals from a judgment of conviction for a misdemeanor, as from that of a judgment of conviction for a felony, a reversal of the judgment will not be authorized, even for error of law committed by the trial court appearing on the record, unless upon consideration of the whole case the Court of Appeals is satisfied that the substantial rights of the appellant have been prejudiced thereby. Criminal Code, secs. 340-353; Rutherford v. Comth., 78 Ky. 639; Champ v. Comth., 2 Met. 17; Hargis v. Comth., 135 Ky. 578; Reed v. Comth., 138 Ky. 568; Parish v. Comth., 136 Ky. 77; Truax v. Comth., 149 Ky. 699; Allen v. Comth., 176 Ky. 475; Franks v. Comth., 163 Ky. 96. In view of the foregoing authorities, it is manifest that the ruling of the trial court attacked in the appellant's first contention cannot be declared reversible error.

Her second contention, complaining of the trial court's refusal to permit the appellant's counsel to inquire of the Commonwealth's witness, Noah Bentley, whether he had been convicted of a violation of the prohibition law, is equally untenable, as the question was clearly incompetent. The manner of impeaching a witness by the adverse party is defined by the Civil Code, sec. 597, as follows: "A witness may be impeached by the party against whom he is produced, by contradictory evidence, by showing that he has made statements different from his present testimony, or by evidence that his general reputation for untruthfulness or immorality renders him unworthy of belief; but not by evidence of particular wrongful acts, except that it may be shown by the examination of a witness, or record of a judgment, that he has been convicted of felony."

In Farmer v. Comth., 28 R. 1168, and later cases, it was held that this section applies to criminal as well as civil cases. Ashcraft v. Comth., 22 R. 1542; Powers v. Comth., 110 Ky. 386; Howard v. Comth., 110 Ky. 356; Baker v. Comth., 106 Ky. 212; Britton v. Comth., 123 Ky. 411; Hayden v. Comth., 140 Ky. 634.

It will be observed, however, that the section of the code, *supra*, confines the inquiry that may be made of a witness as to a past conviction, to a conviction of felony. It does not, therefore, confer the right to inquire of him as to his conviction of a misdemeanor; and this we held

in Wells v. Comth., 30 R. 504; Pennington v. Comth., 21 R. 321, and numerous other cases. But notwithstanding the correctness of the trial court's ruling in excluding the question asked the witness, Noah Bentley, by appellant's counsel regarding his conviction of a misdemeanor arising out of his alleged violation of the prohibition law, she succeeded after all in getting proof of that conviction before the jury by her own testimony unobjected to by opposing counsel and undenied by him, to the effect that he had been convicted of such misdemeanor and she had refused to pay his fine resulting from that conviction. It is patent, therefore, that she as fully obtained the benefit of the evidence in question as if it had originally been admitted by the court.

The appellant's third and final contention must also be rejected. Not only was it testified by the witness, Noah Bentley, that he regularly for as much as two or more months, including the time of the discovery in the home of the appellant of moonshine whiskey by prohibition officers, kept her supplied with that commodity, often from five to eight gallons at a time, but in addition to and exclusive of his testimony, which, though contradicted by the appellant alone, her counsel insists should be disregarded because so discredited as to render it of no probative value, there is found in the record other and abundant evidence of the appellant's guilt of the offense charged in the indictment. This evidence is furnished by the testimony of McKinney, deputy sheriff, and his assistant Gibson who, by authority of a legal search warrant, made in November, 1922, and within a year before the finding of the indictment, a search of her home at Neon, Letcher county, maintained by her as a boarding house, and thereby discovered in the appellant's kitchen and possession concealed behind a barrel a half gallon of moonshine whiskey of which she appeared to be the sale owner. Further evidence conducing to prove her guilt was furnished by the testimony of several witnesses to the effect that her reputation in the community, with which they were well acquainted was that of a "bootlegger" or illegal trafficker in moonshine whiskey.

This evidence, which was uncontradicted save by the appellant's denial of her guilt, was in our opinion sufficient to require the submission of the case to the jury, and to authorize the verdict returned by them. This being our conclusion, no reason is apparent for sustaining

the appellant's contention that the trial court erred in refusing to direct a verdict of acquittal, or in refusing appellant a new trial on the ground that the verdict is without support from the evidence.

The instructions given by the trial court do not appear to be objected to, and seem to have correctly stated the law of the case; and the record containing no reversible error, the judgment is affirmed.