## Foster v. Commonwealth.

(Decided May 3, 1929.)

JOHN H. GILLIAM and ROBERT WHITE for appellant.

J. W. CAMMACK, Attorney General, and S. H. BROWN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

The appellant was convicted of the offense of detaining a female against her will and sentenced to serve two years in the penitentiary.

He relies upon two grounds for reversal of the judgment: First, the verdict is flagrantly against the evidence, and, secondly, the court erred in admitting incompetent testimony for the commonwealth. It would serve no good purpose to set out the sordid details of this case. Suffice it to say that the testimony of the prosecutrix coupled with the testimony of other witnesses as to admissions made to them by the appellant and his hasty departure for Illinois after this affair had been bruited in the neighborhood amply warranted the submission of this case to the jury and amply supports its verdict, although appellant denied what the prosecutrix said, offered an explanation for his trip to Illinois, and claimed to have made no such admissions.

So far as the second ground for reversal is concerned, the commonwealth introduced without objection on the part of the appellant testimony concerning his general reputation for virtue and morality in the community where he lived. It is not necessary to discuss whether this evidence was competent or not, since it was admitted without objection on the part of the appellant. Appellant also introduced testimony to sustain his reputation in the particulars mentioned. On cross-examination of one of his witnesses, the commonwealth undertook to prove specific acts of misconduct on the part of the appellant with women other than the prosecutrix. The court promptly sustained the objection of the appellant to the question propounded by the commonwealth for this purpose and did not permit the witness to answer it in the presence of the jury. Appellant argues now that the court should have instructed the jury not to consider this question. In the first place there was nothing for the jury to consider, as the court sustained the objection to the question and there was no answer made to it in the presence of the jury. Further, appellant made no request of the court for any such admonition. His second ground for a reversal, too, is without merit.

Perceiving no error prejudicial to appellant's substantial rights, the judgment is affirmed.