## Cronin v. Cronin.

(Decided May 6, 1930.)

G. D. MILLIKEN for appellant.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS—Affirming.

On either February 23 or 24, 1927, the parties hereto, were married in Bowling Green, Ky. The marriage certificate of the officiating person at the wedding was not filed and there is a contradiction as to the actual date of the marriage, i. e., whether it was on the 23d or 24th of February. On September 8, 1927, the wife, who is the appellee and defendant below, Ella Shaw Cronin, gave birth to a girl child weighing 7½ pounds, and according to the testimony of the physician who attended upon her at the time it was a well-developed infant. If the marriage occurred on the 23d of February, the birth of the child was 6 months and 15 days thereafter, but if it occurred on the 24th of February the birth was 6 months and 14 days after the marriage. This equity action was brought by the husband and appellant, who was plaintiff

below, John Cronin, against defendant to obtain a divorce upon the *sole* ground that at the time he married defendant she was, without his knowledge, pregnant by another man.

The answer which was made a counterclaim denied that ground, and sought a divorce from plaintiff upon the two grounds of (1) cruel and inhuman treatment by preferring the unfounded charge against her in his petition, and (2) one year's abandonment of defendant without her fault. Upon submission of the cause, after proof taken, the court dismissed both the petition and the counterclaim, and this appeal is prosecuted by plaintiff alone to obtain a reversal of the judgment in so far as it dismissed his petition; but no appeal or cross-appeal has been prosecuted by defendant, and this opinion will therefore not affect the judgment adversely to her.

The proof heard upon the trial established the fact of the marriage, but with the slight contradictory date as to when it occurred, and the birth of a well-developed female child on September 8, 1927; but there was no proof of cruel treatment on the part of plaintiff toward defendant, except in so far as the allegations of his petition, if unfounded, would constitute such treatment plus his proven verbal accusations to the same effect made prior to its filing. Since, however, that question is not presented by this appeal, as above pointed out, we will indulge in no discussion of it.

The parties themselves testified in the case without objection, notwithstanding neither of them was competent to prove or disprove the sole ground relied upon for the divorce, and they each said that no intercourse occurred between them prior to the marriage, and the wife also testified that no other man did so, and that plaintiff was the father of her child. There is proof, however, by other witnesses, that plaintiff visited and associated with defendant for something like two years before the marriage, although he states that the last time he was with her prior to the wedding was on November 4, 1926, when he visited Bowling Green from Evansville, Ind., where he was and had been for some time engaged at work. It therefore, will be perceived that the sole question on this appeal is, whether plaintiff is the father of the girl child born to defendant on September 8, 1927.

If we accept with absolute verity the testimony of both plaintiff and defendant, he was not the father of that child, unless its birth was within a period of *possi-*

*ble* gestation, although it might be an extreme exception to the general rule as to the minimum period known and accepted by medical science for that purpose. If, however, we should discard their testimony, then there is abundant proof to show an opportunity for plaintiff to be the father of the child though begotten before the marriage, and this, notwithstanding plaintiff stated that he was not with his wife before their marriage after November 4, 1926, until the day before the wedding. As stated, the testimony of both plaintiff and defendant was wholly inadmissible, since neither of them was a qualified witness to give it. However, as between the parties the general rule is that testimony may be considered when not objected to, although the witness giving it was an incompetent one and it would undoubtedly be true that if no other person was affected by the judgment except the parties to the litigation, such testimony given without objection would be sufficient to sustain the judgment. But in this case an innocent infant third party is, at least, indirectly affected by the judgment, i. e., if the judgment appealed from should be reversed, thereby holding that the infant was illegally begotten, she will be stigmatized as illegitimate and will be compelled to go through life with that adjudged burden upon her. Under those conditions it might, perhaps, be true that we would have the right, for the protection of the unrepresented child, to wholly disregard the testimony given by the two parties to the litigation and to conclude that the child, although born at a time not within the possible period of gestation, was begotten by the father *before* the marriage, and which, if true, would not only render her legitimate under our statute (section 1398), but would also destroy the ground relied on by plaintiff for the relief he seeks in his petition. But we have concluded to neither discuss nor determine that question and to base our opinion upon the fact that the infant child was born within a *possible* period of gestation following the marriage, and because thereof the averments of the petition which were denied by the answer were not proven by the necessary convincing testimony required in such cases, and especially required when the question of legitimacy of children is involved.

Courts take judicial notice of the course and laws of nature (23 C. J. 140, sec. 1964), and of the phenomena of life (same volume, 146, sec. 1968). See also Riley and Bealmear v. Wallace, 188 Ky. 471, 222 S. W. 1085, 11 A.

L. R. 337, and which includes the generally scientific and accepted maximum and minimum periods of gestation. 23 C. J. 148, in section 1969. The text in the last reference also says: "It has also been held that the usual duration of the period (of gestation) is a rule of nature, subject to many exceptions of which the courts take judicial notice, and that 304 days is a possible, but exceptional period." The cases cited in support of that excerpt are People v. Hill, 152 Ill. App. 78, and In re McNamara, 181 Cal. 82, 183 P. 552, 7 A. L. R. 313. In the case of State v. Law, 96 Kan. 357, 144 P. 232, the court held that, while the time of the birth of the child was considerably short of the ordinary period of gestation and it was of the usual weight and size of a full-term one, yet it would not be held that it was impossible for it to be begotten and born within the proven time, or that the laws of nature established in that case the contention that the child was illegitimate, because of having been begotten out of wedlock.

The only proof in this case upon the question as to the usual period of gestation was that given by the attending physician, who said, in substance, that "around nine months" was the usual gestation period, but that a well-established exception to that rule was an occasional birth within a 7 months' period. He declined to testify that a fractional shorter period than 7 months would be entirely without a natural one, although it would be an exceptional case. Nine months, counting 30 days for the month, would be 270 days, but in the McNamara case, supra, the proven period was 304 days, and yet the court refused to hold that the birth was beyond the maximum natural period, and that it was possible for the mother to have carried the child that long, although the period was an exceptional one.

In this case if we should accept as literally true the testimony of both plaintiff and defendant, the child of the latter was born either 6 months and 14 days or 6 months and 15 days after the marriage, which is 16 days in the one case, or 15 days in the other, short of the recognized and usual *minimum* human gestation period. In view of the authorities supra, and being admonished that the testimony should point out beyond a reasonable doubt that the innocent infant was illegally begotten, we are constrained to the evident conclusion of the trial court, i. e., that plaintiff did not sufficiently establish the unlawful intercourse of his wife with another man

before he and she were married so as to authorize the divorce he sought.

Wherefore, for the reason stated, the judgment dismissing the petition is affirmed.