# Miller v. Commonwealth.

(Decided December 9, 1930.)

FRANK R. CAHILL, JR., for appellant.

J. W. CAMMACK, Attorney General, and JAMES M. GILBERT, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

William Miller was convicted of the crime of murder, and condemned to suffer the penalty of death by electrocution. He has prosecuted an appeal, assigning for reversal of the judgment several separate grounds, which will be discussed and disposed of in the course of the opinion.

Miller, a colored man, came upon the premises of Mrs. Gertrude Neiderloh, a white woman, and shot her to death. He then shot and killed Henry Brummer, a colored man, who was engaged in some repair work on the premises of the woman. The conviction under review was for the murder of the man. Whilst Miller testified that Brummer was about to assault him with a rake, his real defense was insanity. There was testimony tending to show that Miller had been subject to epilepsy for thirty years or more, and that it had impaired his mind to such an extent as to render him irresponsible. There was other evidence to the effect that Miller was sufficiently sane to be responsible for his crimes, and some statements made by Miller indicated that his murderous conduct was prompted by motives of jealousy. It is sufficient to say that the case was submitted to the jury by appropriate instructions, and the evidence was ample to sustain the verdict.

The first ground of reversal urged is alleged misconduct on the part of the commonwealth's attorney. Two matters are mentioned, the first relating to some questions asked a witness, and the second to an argument addressed to the jury. When Miller was upon the wit-

ness stand in his own behalf, he was asked if he did not make certain statements in the presence of some named policemen. He denied making the statements. One of the policemen was later offered as a witness in rebuttal, and was asked if Miller had made the statements. The objection of the defendant was sustained upon grounds that appear to have been erroneous. Statements of a defendant are admissible in evidence as substantive proof, but properly should be introduced in chief. Bennett v. Commonwealth, 150 Ky. 604, 150 S. W. 806, 43 L. R. A. (N . S.) 419; Cf. Dalton v. Com., 226 Ky. 127. A defendant who testifies, however, may be asked as to statements contradictory of his testimony, for the purpose of impeaching him, and, if he denies making them, it is proper in rebuttal to prove the fact. The practice follows the Civil Code of Practice section 597, which is applied in the trial of criminal cases. Castle v. Commonwealth, 228 Ky. 151, 14 S. W. (2d) 387; Posey v. Commonwealth, 194 Ky. 483, 240 S. W. 91; Warrix v. Commonwealth, 195 Ky. 795, 243 S. W. 1025; Bentley v. Commonwealth, 200 Ky. 246, 254 S. W. 752; Thomas v. Commonwealth, 195 Ky. 623, 243 S. W. 1; Britton v. Commonwealth, 123 Ky. 411, 96 S. W. 556, 29 Ky. Law Rep. 857. It is apparent, therefore, that the commonwealth's attorney was within his rights in offering to prove in rebuttal statements of the defendant which tended to impeach his testimony at the trial. It was not improper to ask the question in the form that was employed, and the complaint of appellant in that respect was groundless. Moreover, his objection was sustained, and it is not open to an appellant to complain of rulings in his favor. Foster v. Commonwealth, 229 Ky. 262, 16 S. W. (2d) 1040; Epling v. Commonwealth, 233 Ky. 407, 25 S. W. (2d) 1022. Cf. L. & N. R. R. Co. v. Howser's Adm'r, 201 Ky. 548, 257 S. W. 1010, 36 A. L. R. 327, and In re Lamar, 229 Ky. 258, 16 S. W. (2d) 1045.

In his argument to the jury the commonwealth's attorney stated that in this state convicts do not serve over ten years until they are out on the community again. It is conceded that the argument was designed to induce the infliction of the death penalty as against a lesser punishment, and it is insisted that it was erroneous and prejudicial. In Bolin v. Commonwealth, 206 Ky. 608, 268 S. W. 306, a statement of the same type, but more forceful and elaborate, was considered and held insufficient to

warrant the reversal of a judgment of conviction. If the commonwealth's attorney considers a crime he is prosecuting so flagitious as to merit the death penalty, he has a right to argue from the record, and upon reason, in such manner as he deems most persuasive, in favor of the severest punishment authorized by the law. Lawler v. Commonwealth, 182 Ky. 185, 206 S. W. 306. In Moore v. Commonwealth, 223 Ky. 132, 3 S. W. (2d) 190, an argument almost identical was considered and a judgment of conviction was upheld. Cf. Crenshaw v. Commonwealth, 227 Ky. 223, 12 S. W. (2d) 336; Saylor v. Commonwealth, 235 Ky. 78, 29 S. W. (2d) 629. In Berry v. Commonwealth, 227 Ky. 528, 13 S. W. (2d) 521, statements made in an argument, with the court's approval, were deemed reversible error because of the peculiar circumstances, rendering the statements likely to prejudice the rights of the defendant; but the facts there present which made the argument prejudicial were not shown in the instant case. Cf. Cooksey v. Commonwealth, 235 Ky. 454, 31 S. W. (2d) 703.

It is stated in the brief that the verdict is contrary to the law and the evidence, and that the court erred in the instructions to the jury, but the statement is wholly without basis. No particular instruction to the jury is complained of, and there is no apparent basis for any complaint thereof. The verdict of the jury is supported by an abundance of evidence, and the appellant admits the commission of the crime, in the very manner detailed by the witnesses. But, upon this branch of his argument, appellant's counsel insists that certain doctors, who testified concerning the characteristics and results of epilepsy, were entirely wrong, and gave testimony at variance with the medical authorites upon the subject. We are invited to search the books upon this question of fact, and, by a rejection of the medical testimony for the commonwealth, to find that the proof for appellant tending to show his insanity was uncontradicted. The question of defendant's sanity was an issue of fact to be determined by the jury from the evidence. It was competent for the defendant to prove by his experts that he was of unsound mind when the crime was committed. It was equally competent for the commonwealth to prove the reverse, if it could do so. Books of science are not admissible in evidence except to contradict or to impair the credibility of an expert who bases his opinion upon

the particular authority. 1 Greenleaf on Evidence, sec. 440. Cf. Harper, Brooks & Co. v. Weikel, 89 S. W. 1125, 28 Ky. Law Rep. 650; Commonwealth v. Sturtivant, 117 Mass. 122, 19 Am. Rep. 401; City of Bloomington v. Shrock, 110 Ill. 219, 51 Am. Rep. 678.

This court does not determine the facts in a criminal case, but is confined to a consideration of. alleged errors. It is not authorized to pass upon the credibility of the experts introduced at the trial, or empowered to usurp the functions of the jury in that behalf. Scientific facts. which are known to all men of ordinary understanding and intelligence, may be judicially noticed, but not such facts as may be known only, if at all, by a specially informed class of persons. 23 C. J. 145, sec. 1967. Cf. Cronin v. Cronin, 234 Ky. 207, 27 S. W. (2d) 950. Although courts may be authorized to take judicial notice of scientific facts which experience has rendered axiomatic, it is absurd to expect them to. take such notice of matters concerning which men eminent in that branch of learning do not agree. 15 R. C. L. sec. 55, p. 1128; Moore on Facts, sec. 1244, p. 1382. Cf. Riley et al. v. Wallace, 188 Ky. 471, 222 S. W. 1085, 11 A. L. R. 337, and Jacobson v. Mass., 197 U. S. 11, 25 S. Ct. 358, 49 L. Ed. 643, 3 Am. Cas. 765. An issue of fact must be determined by the jury from the evidence admitted, and we may not rejudge a result reached upon conflicting evidence and make a finding of our own one way or the other. Moreover, if the doctors agreed upon fixed and settled principles governing medical science as applied to a particular affliction, each individual case, even of that character, would have to be determined upon its own facts. Bast v. Commonwealth, 124 Ky. 747, 99 S. W. 978, 30 Ky. Law Rep. 967. An appellate court could not determine as a matter of law, in the face of conflicting testimony, that an accused was afflicted with a certain disease, or that it rendered him irresponsible for his crimes. That is a pure issue of fact to be decided by the jury from the testimony and under appropriate instructions. Maulding v. Commonwealth, 172 Ky. 370, 189 S. W. 251. The standard given to the jury was whether the defendant, at the time of the homicide, was of unsound mind, and he could not be excused on the ground of insanity, unless he was without sufficient reason to know what he was doing, or to know right from wrong, or had not sufficient will power, by reason of mental unsoundness and some irresistible insane impulse, to govern or control

his actions. Hobson, Blain & Caldwell on Instructions to Juries, sec. 768 p. 938; Abbott v. Commonwealth, 107 Ky. 624, 55 S. W. 196, 21 Ky. Law Rep. 1372; Banks v. Commonwealth, 145 Ky. 800, 141 S. W. 380; McCarty v. Commonwealth, 114 Ky. 620, 71 S. W. 656, 24 Ky. Law Rep. 1427; Montgomery v. Commonwealth, 88 Ky. 509, 11 S. W. 475 11 Ky. Law Rep. 40; Feree v. Commonwealth, 193 Ky. 347, 236 S. W. 246; Thomas v. Commonwealth, 196 Ky. 539, 245 S. W. 164; Southers v. Commonwealth, 209 Ky. 70, 272 S. W. 26. The approved test was submitted to the jury, and its finding legally determined the fact against the appellant.

The appellant acted with apparent deliberation. He procured a pistol, searched out his victims some distance away, shot them down, without warning, and then proceeded to run away and conceal himself. His testimony at the trial evinced a clear understanding of the nature and quality of his act. The verdict of the jury to the effect that he was of sound mind and legally responsible for his crime is amply supported by the evidence. Indeed, the verdict hardly could have been otherwise in the light of all the facts.

The judgment is affirmed.

Whole court sitting.