## THE TERRITORY OF HAWAII *v.* MOTOKICHI SHISHIDO.

### NO. 2825.

ARGUED JANUARY 24, 1952.          DECIDED FEBRUARY 26, 1952.

LE BARON AND STAINBACK, JJ., AND CIRCUIT JUDGE BROWN IN PLACE OF TOWSE, C. J., DISQUALIFIED.

OPINION OF THE COURT BY LE BARON, J.

The defendant was tried and convicted for the crime of abortion under an indictment charging him with committing that crime in 1949 by forcing an instrument and a noxious substance into the womb of a certain woman. He appeals by way of a bill of exceptions.

The exceptions present but one question of law pertaining to the cross examination of the defendant, over his objection, directed to evidence or details of a former crime for which he had been convicted. It is whether the allowance of such cross examination and the refusal to strike the evidence elicited therefrom constitute reversible error under the facts and circumstances of this case.

On direct examination the defendant denied committing the acts of abortion charged in the indictment and to which the witnesses for the prosecution testified and on cross examination unequivocally admitted to having been convicted for abortion in 1933 before Judge Davis [in the circuit court of the Territory] on a plea of guilty. The prosecution then asked the question on further cross examination of the defendant whether "* * * the instrument you used in that case [the former crime] was * * * a rubber tube which you inserted into the vagina of * * *," the particular woman therein involved. The defendant objected to that question on the ground that "* * * it is incompetent, irrelevant, immaterial, does not bear on the issues in this case and it is contrary to the provision of the section which deals with the impeachment of witnesses" and "calculated purely to prejudice the defendant." The prosecution on being asked "What is the relevancy?" by the trial judge, stated in the presence of the jury that "My purpose is to show that this man at that time was convicted of exactly a similar offense on the body of another young lady, and I propose to show * * * that a man who does a similar type of crime has the tendency to commit that same type of crime." The trial judge thereupon overruled the objection and allowed the question. He permitted further cross examination over the same objection to the same line of questions. In answer to the propounded question as to the type of instrument and the manner of its use in committing the former crime, the defendant replied, "It was not so." The prosecution asked the next question, "Then what did you plead guilty to? Do you want me to read the indictment to you?" The defendant replied, "I was told that if I paid $500 and pleaded guilty that I would be free, so that is why I pleaded guilty. * * * [my lawyer] asked me to plead guilty, so I did." The prosecution then asked the question, "Didn't you make a statement to the police at that

time?", to which the defendant answered "No, there was no such statement." In response to further questions on cross examination the defendant admitted that the parents of the woman involved in the former crime told him that she was pregnant, asked him to get rid of her unborn child, and paid him fifty dollars. At the close of this line of cross examination, the defendant renewed his continued objection and moved that the testimony elicited therefrom be stricken. His motion was denied.

A previous conviction of a crime wholly independent of the one for which an accused is being tried, even though of the same character, does not prove him guilty of the crime charged. By law, it is not admissible as tending to show that he would be likely to commit the crime again. On cross examination of the accused, such conviction, however, is by statute admissible as tending to discredit him as a witness. (R. L. H. 1945, § 9842.) That purpose was fully satisfied in this case when the prosecution on cross examination obtained from the defendant the fact of conviction, its date, the court in which, or the judge before whom it occurred and the nature of the crime involved. But the law does not permit the prosecution to bring out on further cross examination evidence or details of that crime for the purpose of showing a tendency to commit a crime of the same character, the authorities uniformly holding that to do so over the objection of the accused is reversible error. (*Mansbach* v. *United States,* 11 F. [2d] 221; *State* v. *Mount,* 73 N. J. L. 582, 64 Atl. 124; *Hendricks and Brooks* v. *State,* 162 Tenn. 563, 39 S. W. [2d] 580; *Preather* v. *The State,* 113 Tex. Cr. 167, 18 S. W. [2d] 649; *Waters* v. *State,* 117 Ala. 108, 22 So. 490; *Ellis* v. *State,* 244 Ala. 79, 11 So. [2d] 861; *Ward* v. *State,* 27 Okl. Cr. 362, 228 Pac. 498; *State* v. *Gottfreedson,* 24 Wash. 398, 64 Pac. 523; *Tarling* v. *People,* 69 Colo. 477, 194 Pac. 939; *Stacey* v. *State,* 155 P. [2d] 736, (Okla. 1945); *Latikos* v. *State,* 88 So. 47, (Ala.

1921) ; Underhill's *Criminal Evidence* [4th ed.], § 140, pp. 204, 209.) Nevertheless, the prosecution did so in this case for the avowed purpose of showing a "* * * tendency to commit that same type of crime" on the part of the defendant since his conviction for such a type of crime. Clearly, the effect sought to be impressed upon the minds of the jury by that purpose was to lead them more readily to believe that the defendant committed the crime for which he was being tried because he had committed the former crime for which he was convicted. The mere statement of this purpose in the presence of the jury was highly prejudicial and should have been the basis for sustaining the defendant's objection on the ground that the further cross examination was "* * * calculated purely to prejudice the defendant." Nothing but injury could result from allowing such cross examination for such purpose, as evidenced by the prejudicial nature of the questions asked and the testimony elicited therefrom.

The evidence or details of the former crime as adduced on cross examination over the defendant's objection tended merely to show guilty knowledge or intent with respect to committing that crime without an instrument. Certainly such evidence has no probative effect to prove guilty knowledge or intent in the employment of an instrument with respect to committing either the former crime or the crime charged. Nor did it establish any specific acts of abortion committed in 1933, much less any which are comparable to those charged to have been committed in 1949. Mere guilt for one crime does not suffice to prove guilt for another, irrespective of their nature. Nor is the evidence competent to so prove. On the contrary, it demonstrates that the former crime is not only remote in point of time from but wholly independent of and unconnected with, as well as not committed in the same manner as, the crime

for which the defendant was being tried, even though it is a crime of the same sort. In short, such evidence has no relevancy to the issues in the case on trial. It is therefore inadmissible under the well-established general rule of exclusion that an accused must be tried for one offense at a time upon evidence confined to the particular crime charged.

This is not a case where an accused admits the performance of an operation with an instrument but claims that it was a necessary one to save the woman's life, or that he so believed it to be one, and that he performed it without criminal intent as in the cases of *People* v. *Morani,* 196 Cal. 154, 236 Pac. 135; *Clyne* v. *State,* 123 Ohio St. 234, 174 N. E. 767, cited by the Territory. Nor is it a case where evidence or details have been adduced of other criminal operations with an instrument as a part of the prosecution's case to rebut any claim or defense of a lack of criminal intent in the employment of an instrument. On the contrary, it is a case where the defendant does not claim that he performed the operation with an instrument without criminal intent but rather denies the operation itself. Moreover, it is a case not only where the defendant admits a conviction for a former crime, which renders additional evidence of guilt in that crime entirely unnecessary, but where he denies employing an instrument to commit the former crime which renders evidence of guilty knowledge or intent in its commission wholly incompetent to prove guilty knowledge or intent in the employment of an instrument to commit the crime for which he was being tried.

From the prejudicial nature of the purpose of cross examination and of the questions asked therein, as well as from the irrelevancy of the evidence elicited therein, it is clear that the defendant on trial for a particular crime was prejudiced in his substantial right to be convicted, if at all,

270

upon evidence which shows him to be guilty of that crime alone. The answer to the question presented is therefore in the affirmative.

The exception to allowance of cross examination and refusal to strike are sustained, the judgment is set aside and the cause remanded below with instructions to grant a new trial.

*W. C. Tsukiyama* (also on the briefs) for appellant.

*A. R. Hawkins,* Public Prosecutor (*C. M. Hite,* then Public Prosecutor, with him on the brief), for appellee.

