*235
 
 By the Court
 

 (Marshall, C. J.).
 

 This cause originated in the court of common pleas of Cuyahoga county as a criminal prosecution of a charge of procuring an abortion. This cause has previously been before this court upon a motion for leave to file a petition in error, which motion was overruled. Thereafter a petition in error was filed as of right. All other legal questions were disposed of in the motion for leave to file petition in error. The only question before the court at this time is whether in the petition in error any question is presented arising under the Constitution of the United States, or of this state.
 

 The offense was committed June 18, 1929. The victim died June 25, 1929. The indictment was returned at the September, 1929, term of the court. The defendant testified and admitted making a physical examination on the date charged, with the use of instruments, but denied that he intended to procure an abortion, or that he had in fact done so.
 
 Scienter
 
 and intent, therefore, became a material element in the case. The state introduced evidence of other similar offenses. It is claimed by the defense that the evidence of other like acts was admitted under authority of Section 13444-19, General Code (113 Ohio Laws, 190), which is a part of the new criminal code, effective July 21, 1929. The alleged crime was complete before the effective date of the statute. Section 13444-19 provides:
 

 “In any criminal case where the defendant’s motive, intent, the absence of mistake or accident on his part, or the defendant’s scheme, plan or system in doing an act, is material, any like acts or other acts of the defendant which may tend to show his motive,
 
 *236
 
 intent, the absence of mistake or accident on his part, or the defendant’s scheme, plan or system in doing the act in question, may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another or subsequent crime by the defendant.”
 

 It is contended by the state that the section is only declaratory of the common law. We are unable to see in what particular the rule declared in the statute differs from the well-settled common-law rule making admissible evidence of other like acts, where intent, guilty knowledge, identity, or scheme is material to be shown, except that the statute does not expressly limit the jury’s consideration of the evidence of other like acts to their bearing on the question of such intent, knowledge, identity, or scheme. This question is not presented by this record, and is not decided or even considered. It is undeniable that the evidence of all other like acts was admissible in this case, under the common-law rule long recognized in this state, for the purpose of showing intent and
 
 scienter.
 
 If admitted under the common-law rule, and not under the statute, it was of course necessary to instruct the jury that its consideration of the evidence should be limited to the question of the intent with which the act charged was committed by the defendant. The trial court did limit the jury’s consideration of the evidence of other like acts to the matter of intent and
 
 scienter.
 

 The evidence of other like acts was properly admissible under the common-law rule, and the consideration of the evidence was properly limited as required by the common-law rule. No question of
 
 *237
 
 the constitutionality of the statute is therefore presented. The petition in error must therefore be dismissed.
 

 Petition in error dismissed.
 

 Jones, Matthias, Day, Allen, Kinkajde and Robinson, JJ., concur.