THE STATE OF OHIO, APPELLEE, *v.* PACK, APPELLANT.

[Cite as State v. Pack, 18 Ohio App. 2d 76.]

(No. 3355—Decided December 4, 1968.)

*Mr. Lee C. Falke*, prosecuting attorney, and *Mr. Andrew J. Niekamp*, for appellee.

*Mr. Paul Rion* and *Mr. Jack H. Patricoff*, for appellant.

SHERER, J. This appeal is from a judgment of conviction and sentence imposed by the Common Pleas Court of Montgomery County in an armed robbery case.

On February 26, 1967, at about 2 a. m., David Royse, a night clerk at the Sheridan Motel, was robbed at gun point of $200 in money belonging to the motel. Immediate-

ly before the holdup, the outer door of the motel was locked. Royse heard a jiggling of the door. He went to the door and saw a person standing at the door two or three feet away. He looked at his face for not more than two seconds. He unlocked the door and turned and returned to the registration desk. When he reached the registration desk and turned around, he saw the man with a cloth across his face with a gun in his hand pointed at him. The man demanded and obtained $200 from Royse and then ordered him to lie on the floor.

The first four assignments of error are that the verdict is not sustained by the evidence and is contrary to law.

Defendant argues that his right to counsel under the Sixth Amendment to the Constitution of the United States was violated in that he was denied the right to counsel at a police line-up where he was identified by Royse as the man who robbed him.

The Sixth Amendment guarantees an accused the right to counsel not only at his trial but at any critical confrontation by the prosecution at pretrial proceedings such as a police line-up where the results might well determine his fate and where the absence of counsel might derogate from his right to a fair trial. *United States* v. *Wade*, 388 U. S. 218, 18 L. Ed. 2d 1149, 87 S. Ct. 1926; *Gilbert* v. *California*, 388 U. S. 263, 18 L. Ed. 2d 1178, 87 S. Ct. 1951.

The question involved in *Wade* was whether courtroom identifications of the accused at trial were to be excluded from evidence because the accused was exhibited to witnesses before trial at a post-indictment line-up conducted for identification purposes without notice to and in the absence of accused's appointed counsel.

In that case, after indictment and after the appointment of counsel for Wade, an F.B.I. agent, without notice to counsel, arranged for two bank employees to observe a line-up made up of Wade and five or six other persons in a courtroom. Each person in the line-up wore strips of tape such as allegedly worn by the robber, and upon direction each said something like "Put the money in the bag," the words allegedly uttered by the robber. Both bank em-

ployees identified Wade in the line-up as the bank robber.

At trial, the two employees, when asked on direct examination if the robber was in the courtroom, pointed to Wade. The prior line-up identication was then elicited from both employees on cross-examination. At the close of the testimony, Wade's counsel moved for a judgment of acquittal or, alternatively, to strike the employees' courtroom identifications on the ground that conduct of the line-up without notice to and in the absence of his appointed counsel violated his Fifth Amendment privilege against self-incrimination and his Sixth Amendment right to the assistance of counsel. The motion was denied, and Wade was subsequently convicted.

In *Gilbert*, in which the court followed its holding in *Wade*, the identifying witnesses were all together in a room in which Gilbert and other persons were shown. At trial, after a witness identified Gilbert in the courtroom, counsel moved, out of the presence of the jury, to strike her testimony on the ground that she identified Gilbert at the pretrial line-up conducted in the absence of counsel, in violation of the accused's rights under the Sixth Amendment. He requested a hearing outside the presence of the jury to present evidence supporting his claim that her in-court identification was, and others to be elicited by the state from other witnesses would be, "predicated at least in large part upon their identification or purported identification of Mr. Gilbert at the line-up * * *." Defendant's counsel then elicited the fact of the witnesses' line-up identification on cross-examination and again moved to strike her identification testimony. The motion was overruled. The court said that "The admission of the in-court identifications without first determining that they were not tainted by the illegal line-up but were of independent origin was constitutional error."

*Wade* and *Gilbert* are distinguishable on the facts from the case before us. Those cases turned on the facts that objections to in-court identifications were made at trial and motions were made to strike the in-court identifications or, in the alternative, to acquit the accuseds be-

cause the in-court identifications were influenced by previous line-up identifications in the absence of counsel. The court held that the line-up was a critical prosecutive stage at which they were entitled to the aid of counsel.

In the case before us, a police officer showed Royse a number of photographs shortly after the robbery. He picked out the man who robbed him. The police then contacted defendant's counsel and counsel brought defendant to the police from Detroit. Defendant then was arrested. After his arrest and before his indictment, police arranged for a line-up and asked Royse and others who had been robbed at other times to come to the sheriff's office to view the line-up. A police officer testified that he advised defendant that a line-up would be conducted and that he asked him if he wanted his attorney present and that defendant said that it wouldn't be necessary because he hadn't done anything. The officer's testimony is unchallenged in the record, and we conclude that defendant waived his constitutional right to the assistance of counsel at the line-up.

David Royse, at the trial, testified on direct examination that he was robbed at the motel at the time and place set forth in the indictment. He described the man who robbed him and identified defendant in court as the robber. Other witnesses were permitted to identify defendant in court as the person who robbed them at different times. Marvelle Royse testified that she was robbed by defendant on November 5, 1966. Charles Sachs testified that he was robbed by defendant on October 2, 1966. Woodson Stidham testified that he was robbed by defendant on October 2, 1966. The testimony of these witnesses was permitted under Section 2945.59, Revised Code, the so-called "similar acts statute." Counsel for defendant did not object to these in-court identifications and did not move that they be stricken because of any claimed illegality of the previous line-up procedure as was done in *Wade* and *Gilbert*. Neither did counsel for defendant request the trial court to conduct a hearing outside the presence of the jury to present evidence that the in-court identifications were predicated in any way upon the identifications of defendant at the line-up as in *Gilbert*.

Defendant has failed to show not only that his constitutional right to the assistance of counsel at the line-up was violated, he has failed to show that his in-court identification by any witness was eroneously admitted because it was predicated upon a previous identification of him at an illegal line-up. The line-up as described in the record by the police officer who conducted it and by the witnesses bears no resemblance to the line-ups conducted in *Wade* and *Gilbert* so as to bring it within the rule announced in those cases.

The verdict and judgment are supported by sufficient evidence and are not contrary to law for the reason that the line-up was illegal as claimed by defendant.

Assignments of error 5, 6 and 7 are directed to claimed errors of the court in permitting the introduction of evidence with respect to like and similar offenses allegedly committed by the defendant. Such claimed errors are as follows:

"5. That the court erred in permitting the introduction of evidence of like and similar offenses in violation of the Fourteenth Amendment of the Constitution of the United States.

"6. That the state failed to prove its case before introduction of like and similar offenses.

"7. That evidence introduced by the state of alleged similar offenses was not, in fact, similar offenses and was introduced for the purpose of corroboration and in so doing the defendant was prevented from having a fair and impartial trial by the state of Ohio."

Section 2945.59, Revised Code, reads as follows:

"In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporanous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant."

This statute, enacted in the Code of Criminal Procedure of Ohio in 1929, is merely expressive of the common law and is a rule of evidence and not a rule of substantive law. *Clyne* v. *State*, 123 Ohio St. 234.

Defendant argues in his brief, that "defendant was not prepared to meet these 'wild' and 'fantastic' accusations, allegedly committed by defendant on dates other than February 26, 1967, and by the introduction thereof, and the trial court permitting same to be submitted to the jury, the defendant was prejudiced in the trial of this cause and was prevented from having a fair trial."

In *State* v. *DeRighter*, 145 Ohio St. 552, 556, it is stated that there is nothing in the statutes requiring that an indictment must contain an allegation as to any like act or similar offense the prosecuting attorney expects to prove or that a bill of particulars furnished at the request of an accused is required to allege any like or similar offense the prosecuting attorney expects to prove. We see no merit in this argument.

In *State* v. *Moore*, 149 Ohio St. 226, the Supreme Court held that:

"The like acts or other acts which may be shown against a defendant in a criminal case, within the contemplation of Section 13444-19, General Code, are acts of a character so related to the offense for which the defendant is on trial that they have a logical connection therewith and may reasonably disclose a motive or purpose for the commission of such offense."

In *Whiteman* v. *State*, 119 Ohio St. 285, the court held that such evidence is not admissible if it is likely to mislead the jury and bring about the conviction of the defendant or if it is too remote in point of time. We note that this case holds that where other offenses of like character are committed by the same persons in the same locality within a period of time reasonably near to the offense on trial, and where the same plan, system and methods are followed, testimony of such other offenses is relevant to the issue of identity. At page 294, the court said:

"* * * Just as individuals are known and recognized

by their physical and mental characteristics, so criminals are discovered in many instances by certain characteristics, plans, and methods followed in the commission of offenses. This is more especially true where criminals pursue a life of crime for any considerable time. It would be a serious handicap to those whose business it is to ferret out, detect, and punish crime, to deny resort to such characteristics in bringing accused persons to justice. It has already been pointed out in this case that in each of the offenses committed prior to November 20, 1927, the same plan, method, and course of conduct was pursued. All these matters were testified to by the witnesses who had been victimized in the former robberies, and it was because of the similarity in the method and plan employed that the authorities were able on the first effort to discover the guilty parties. * * *'' See, also, *Barnett* v. *State*, 104 Ohio St. 298, 27 A. L. R. 351.

The offense charged here was alleged to have been committed on February 26, 1967, in Montgomery County. Marvelle Royse testified that she was robbed by the accused at the point of a gun in Montgomery County on November 5, 1966. Charles Sachs testified that he was similarly robbed at gun point by the accused on October 2, 1966. Stidham testified that he was robbed at gun point by the accused at the same time and place Sachs was robbed. All identified the accused as the person who robbed them. David Royse and all the others stated that the robber pointed a gun at them, demanded their money, and, after obtaining same, ordered them to lie on the floor. All testified that the robber had a cloth over his face. Sachs testified that during the course of the robbery the cloth fell off the robber's face.

The testimony of all these witnesses, other than that of David Royse, was revelant and material as bearing on the intent of the accused and shows a similar plan of proceeding. Their testimony was admissible on the issue of intent, and the court instructed the jury that such testimony could be considered for such limited purpose. These other offenses attributed by such witnesses to defendant were

not remote in point of time, and we see no reason to believe that their testimony probably misled or confused the jury unfairly.

Defendant argues that the court erred in permitting the testimony of other like acts before the state had proved its case. We see no merit in this argument. We hold that the state did submit evidence on each and every essential element of its case through David Royse sufficient to warrant the jury in finding defendant guilty beyond a reasonable doubt before the testimony of like and similar offenses was presented. It is implicit in the holding of the Supreme Court in the *DeRighter case* that the state need not prove its case beyond a reasonable doubt before such testimony be admitted. All that is required is that the state prove its case prima facie. The action of the trial court in admitting such testimony is in accord with the general rule. See *DeRighter* at page 557.

The sole remaining argument is that Section 2945.59, Revised Code, is unconstitutional in that it denies defendant due process of law in violation of the Fourteenth Amendment to the Constitution of the United States.

That section was held to be constitutional by the Court of Appeals for Hamilton County in *State* v. *Hahn,* 59 Ohio App. 178. An appeal to the Ohio Supreme Court was dismissed (133 Ohio St. 440), the court holding that no debatable constitutional question was involved. On appeal to the Supreme Court of the United States, reported in 305 U. S. 557, 83 L. Ed. 351, 59 S. Ct. 75, the appeal was dismissed for the want of a substantial federal question. We conclude that Section 2945.59, Revised Code, is constitutional.

There being no error in the record prejudicial to the defendant, the judgment of the Common Pleas Court will be affirmed.

*Judgment affirmed.*

CRAWFORD, P. J., and KERNS, J., concur.