Sean C. Gallagher, Judge,
concurring.
{¶ 74} I concur fully with the judgment and analysis of the majority with respect to the application of Evid.R. 404(B) to the facts in this case. I write separately to address my concern about the reference to R.C. 2945.59 in the analysis of “other acts” evidence by the majority. I question the reference to R.C. 2945.59, not only in this case, but in other Ohio courts addressing Evid.R. 404(B) issues in light of the adoption of the Ohio Rules of Evidence.
{¶ 75} Evid.R. 102 outlines the purpose of evidentiary rules like 404(B):
{¶ 76} “The purpose of these rules is to provide procedures for the adjudication of causes to the end that the truth may be ascertained and proceedings justly determined. The principles of the common law of Ohio shall supplement the provisions of these rules, and the rules shall be construed to state the principles of the common law of Ohio unless the rule clearly indicates that a change is intended. These rules shall not supersede substantive statutory provisions.”
{¶ 77} With the adoption of the Ohio Rules of Evidence, effective July 1, 1980, the rules effectively trumped the existing statutory mandates in areas of procedure or the admission of evidence that codified the common law. Arguably, only those statutes that mandated a substantive statutory procedure remained viable. Despite this change, Ohio courts continued to cite R.C. 2945.59 when dealing with issues involving Evid.R. 404(B).
{¶ 78} R.C. 2945.59 reads as follows:
{¶ 79} “In any criminal case in which the defendant’s motive or intent, the absence of mistake or accident on his part, or the defendant’s scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant’s scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwith *826 standing that such proof may show or tend to show the commission of another crime by the defendant.”
{¶ 80} This statute, enacted in the Code of Criminal Procedure of Ohio in 1929, is merely expressive of the common law and is a rule of evidence and not a rule of substantive law. State v. Pack (1968), 18 Ohio App.2d 76, 246 N.E.2d 912, citing Clyne v. State (1931), 123 Ohio St. 234, 174 N.E. 767.
{¶ 81} Evid.R. 404(B) states as follows:
{¶ 82} “Other crimes, wrongs or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.”
{¶ 83} The Ohio Supreme Court has often cited both the rule and the statute, suggesting that it is unconcerned, about the existence of both, as they simply codify the common law previously in existence. Nevertheless, Section 5(B), Article IV, Ohio Constitution, vests the Supreme Court with exclusive authority over the rulemaking provisions for Ohio courts.
{¶ 84} Section 5(B), Article IV, Ohio Constitution, makes this point clear:
{¶ 85} “The supreme court shall prescribe rules governing practice and procedure in all courts of the state, which rules shall not abridge, enlarge, or modify any substantive right. Proposed rules shall be filed by the court, not later than the fifteenth day of January, with the clerk of each house of the general assembly during a regular session thereof, and amendments to any such proposed rules may be so filed not later than the first day of May in that session. Such rules shall take effect on the following first day of July, unless prior to such day the general assembly adopts a concurrent resolution of disapproval. All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect.”
{¶ 86} While there may not be much of a debate over whether R.C. 2945.59 is in conflict with Evid.R. 404(B), in my view, Evid.R. 404(B) is the controlling law on “other acts” evidence. At some point, the Supreme Court of Ohio may want to assess the viability of statutes like R.C. 2945.59 in an effort to provide clarity by keeping future reviews to one area of law.
Rocco, J., concurs in the foregoing opinion.